**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTE D. POINTER, Esq. 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrisalaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

1.   This action arises out of the April 15, 2019 incident involving Deyana Jenkins and multiple, yet-to-be-identified City of Vallejo Police Officers, wherein Ms. Jenkins was racially profiled, dragged out of her car, tased and unlawfully arrested, after Vallejo Police Officers supposedly

mistook a car full of African American teenage girls for a car full of African American men.

2.     Ms. Jenkins was arrested and taken to jail for allegedly resisting arrest. Tellingly, the District Attorney declined to file charges against Ms. Jenkins.

3.   This action seeks to recover damages for the physical and emotional injuries resulting from the violation of Plaintiff's rights under state and federal law.

## JURISDICTION

4.   This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

5.   Plaintiff herein, DEYANA JENKINS is, and at all times herein mentioned was a resident of California and a natural person.

6.   Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD")

7.   Defendant ANDREW BIDOU (hereinafter referred to as "CHIEF") is and at all times mentioned herein a natural person. He is being sued in his official capacity as a Chief of Police for the CITY OF VALLEJO.

8.   Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff

believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend their complaint subject to further discovery.

9.   In engaging in the conduct alleged herein, defendant police Officers acted under the color of law and in the course and scope of their employment with CITY OF VALLEJO.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY OF VALLEJO.

10. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiff filed her claim on June 3, 2019. Plaintiff's claim was acknowledged, but never accepted or rejected. Nevertheless, 45 days has passed since the filing of the claim, making Plaintiff's state claims ripe for litigation.

## STATEMENT OF FACTS

11. On April 15, 2019, at approximately 11:45 p.m., Plaintiff Deyana Jenkins was driving down Tennessee Street through the intersection of Sonoma Blvd., in Vallejo, when she noticed a Vallejo Police Department patrol car stopping someone at the gas station across the street from a Nations Hamburger restaurant. Ms. Jenkins was traveling with three other African-American young women. Ms. Jenkins stands a petite 5' tall and weighs a mere 110 pounds.

12. As Ms. Jenkins drove past the officers she noticed one of them flash their flashlight or flood light at her car. Ms. Jenkins proceeded to lawfully travel down the road. Before she could make it to Broadway Street, she saw a Vallejo Police Department patrol car approaching her car from behind at a very high rate of speed, causing her to pull over.

13. Several yet-to-be-identified City of Vallejo Police Officer approached the car with their guns drawn and told the occupants to put their hands up. All of the terrified occupants immediately complied and inquired about why they were being stopped at gunpoint. With their hands still extended, the passengers began videotaping the incident. One of the officers alleged that someone had placed their hand outside of the window and gestured, which is not a crime in this jurisdiction or state. The occupants requested that the officers put their guns away. The occupants were told that the Officers mistook the four young women for African American men, acknowledging that African American men were the intended target of this racially motivated stop.

14. One of the officer approached the driver window and asked for Ms. Jenkins' driver license, with his gun still drawn. Ms. Jenkins began to look for her identification in her purse, but realized that she left her driver license in her other purse. Ms. Jenkins notified the officer that she did not have her driver license on her person and he immediately reached into the car, grabbed her arm, handcuffed her and told her that she was resisting. Ms. Jenkins was not resisting whatsoever; nevertheless, the officer tried to drag Ms. Jenkins out of the car with her seatbelt still on. Ms. Jenkins tried to call her mother, but the officer threw her phone out of reach.

15. Officers violently dragged Ms. Jenkins out of the car and threw her face down on the ground. The officers used their knees and body weight to force her small body into the asphalt, while pulling on both of her arms, despite her full compliance. Ms. Jenkins feared for her life and believed

that she was going to be murdered like her uncle Willie McCoy, who was shot and killed in February 2019, by six Vallejo Police Officers, as he began to awaken from unconsciousness.

16.    Next an Officer tased Ms. Jenkins. The Officers then falsely accused her of resisting arrest, despite Ms. Jenkins being fully complaint and completely under the control of two adult men.

17. During the incident, one of the passengers suffered a panic attack. The officers were notified that Ms. Jenkins was Willie McCoy's niece and that the young ladies were afraid for their lives.

18.    During the incident, an Officer knocked the phone out of the hand of one of the car's passengers effectively preventing her from videotaping and documenting this police abuse.

19. Ms. Jenkins was taken into custody and transported to Kaiser Vallejo for medical evaluation. Prior to leaving the scene, officers told the other passengers of the car that they were not allowed to follow the patrol car to the hospital. A different yet-to-be-identified officer contradicted his peers and told the passengers that they were lawfully allowed to follow Ms. Jenkins to the hospital, despite what the assailants claimed. After Ms. Jenkins completed her medical treatment, multiple officers misdirected the young women, to prevent them from ensuring Ms. Jenkins safe arrival at the jail.

20. Ms. Jenkins was booked into Solano County Jail, where she was held for several hours after being falsely arrested for resisting arrest. In addition to a fabricated criminal charge, Ms. Jenkins was cited for infractions related to not having her driver license in her possession.

21. The District Attorney rejected this false arrest and declined to pursue charges for this unlawful and egregious incident.

22. Prior to this incident, Ms. Jenkins had never been arrested or accused of any crime. Ms. Jenkins suffered physical and emotional injuiries as a result of Defendants' violent assault, tasing and unlawful arrest.

23.     Plaintiff is informed and believes and theron alleges that none of the Defendant Officers were disciplined or retrained as a result of this incident, a pattern prevalent with the CITY OF VALLEJO POLICE DEPARTMENT.

24. Plaintiff is informed and believes and thereon alleges that CITY OF VALLEJO, CHIEF and DOES 26-50, inclusive, breached their duty of care to the public in that they have engaged in a long history of failing to discipline its officers for their respective misconduct and involvement in incidents of misconduct, including the incident described herein, namely an unprovoked, violent assault, tasing and arrest of a law-abiding taxpayer. Their failure to discipline Defendants, and DOES 1-25 inclusive, and other officers involved in multiple overt incidents of misconduct, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports to cover up the Defendants' and DOES 1-25's inclusive, misconduct.

25. Plaintiff is informed, believes and theron alleges that CHIEF BIDOU failed to investigate plaintiff's allegation, nor discipline or retrain the Defendant Officers as a result of this incident.

26. Plaintiff is informed, believes and thereon alleges that members of the CITY OF VALLEJO Police Department, including, but not limited to Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Plaintiff.

27. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of VALLEJO, the CITY has allowed persons to be abused by its Police Officer including Defendants and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

28. Plaintiff is informed, believes and therein alleges that City of Vallejo Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. Vallejo Police Department failure to discipline or retrain Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the Vallejo Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiff is informed, believe and therin allege that the following instances are examples of the City of Vallejo's pattern and practice of condoning misconduct by failure to discipline:

(a) In May 2012, Mr. Anton Barrett, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of shooting an unarmed man. The City of Vallejo settled this case. (See 2:13-cv-00846)

(b) In 2012, Mr. Mario Romero, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident. The City of Vallejo settled this case.

(c) In 2012, Mr. Jeremiah Moore, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident.  After having killed three men in five months, Officer Sean Kenney left the department voluntarily, but was then inexplicably rehired as a Homicide Detective, despite public outcry.

(d) In August 2012, minor Jared Huey was shot and killed by Vallejo Police Department, after a pursuit. Mr. Huey was shot while unarmed with his hands up. Upon information and belief, none of the defendants involved in this case were disciplined or retrained. This case settled. (See 2:13-cv-00916)

(e) In August 2015, Mr. Jimmy Brooks was having a mental health crisis when Vallejo Police Department Officers Spencer Munoz-Bottomly, Matthew Samida, Zach Jacobsen, James Duncan, Officer Hicks, Jesse Irwin and Ted Postolaki responded. Instead of providing mental health services, officers ended up breaking Mr. Brooks' ankle and fibula. No officers were disciplined or retrained as a result of this incident. This case settled. (See 2:16-cv-02376).

(f) In January 2015, Mr. Jon Connelly was violently attacked by Vallejo Police Officer Bradley Phillips. During the incident, Officer Phillips threw Mr. Connelly to the ground and smashed his hand/wrist into the concrete with his boot, causing broken bones. In addition, Mr. Connelly suffered a torn rotator cuff and other injuries. Federal litigation ensued. On information and belief, Plaintiff alleges that prior to the federal trial commencing in this matter, Vallejo Police Officers threatened one of Mr. Connelly's trial witnesses, which resulted in a defense verdict due to Mr. Connelly's witness being too intimidated to come to court. Mr. Connelly has experienced a pattern of harassment ever since speaking out about this incident. The involved officers were never discplined or retrained for the underlying incident nor the witness tampering. (See 2:16-cv-1604)

(g) In June 2015, Jason Anderson was pulled over by Vallejo Police Officers Herndon, Melville, and Coelho. Officers inexplicably tased Mr. Anderson several

times and punched him multiple times. During the incident, Officers were caught on audio concocting a story to conceal their violations. No officers were disciplined or retrained as a result of this incident. Litigation is ongoing. (See 2:17-cv-00137)

(h) In December 2015, Mr. Joseph Ledesma was brutally attacked by Vallejo Police Officers Robert Demarco and Amanda Blain on his own front lawn, without provocation. Mr. Ledemsa suffered multiple fractures in both arms due to dozens of Officer Demarco's vicious metal baton strikes. Officer Blain tased Mr. Ledesma multiple times and threatened to do the same to his wife. Mr. Ledesma was struck so many times the metal baton bent and had to be disgarded. In his official police report, Officer Demarco claimed to strike Mr. Ledesma only ONE TIME, despite the photographic evidence of numerous baton strikes on Mr. Ledesma's arms. The officers did not use their body worn cameras until after they ceased using force. No one was disciplined or retrained as a result of this incident. During federal litigation related to this matter, Defendant Demarco provided a patently different statement under oath than the one he provided in his police report. He later recanted his new statement and adopted the statements made in his police report. Federal Judge Morrison England issued an Order confirming the City's supervisory failure and failure to discipline the involved officers' overt policy violations. This case settled in August 2019. (See 2:17-cv-0010)

(i) In April 2016, Mr. Derrick Shields was attacked by multiple Vallejo Police Officers while lying face down on the ground. Officers kicked, punched, and struck him with a baton and flashlight. Mr. Shields was knocked unconscious and

suffered a broken jaw and broken teeth as a result of this incident. Upon

information and belief, none of the officers involved in this incident were retrained

or disciplined. (See 2:16-cv-02399)

(j) On January 23, 2017, Decedent Angel Ramos was shot to death by Vallejo Police

Officer Zachary Jacobsen. The City of Vallejo Police Department issued a press

release in response to this incident wherein they claimed Angel Ramos was shot

because he was in the midst of trying to stab a child. This public release of

knowingly inaccurate information was calculated to mislead the public and villify

the decedent, in order to dissuade public outcry and conceal unlawful practices.

Witness testimony and physical evidence belies the department's public claims

and shows that Angel Ramos was shot while unarmed and engaged in a fist fight.

Officer Jacobsen shot Angel Ramos from a place of obvious tactical disadvantage

and did not activate his lapel camera, in violation of training and department

policy. Officer Jacobsen was not disciplined or retrained as a result of this

incident. This case is ongoing. (See 2:17-cv-01619)

(k) In Feburary 2017, Mr. Michael Kennedy was lawfully videotaping an incident

involving Vallejo Police Officers. The Officers demanded that Mr. Kennedy stop

videotaping and arrested him in violation of his First Amendment rights. Upon

information and belief, officers were not disciplined or retrained as a result of this

incident. A claim has been filed and litigation is currently stayed.

(l) In March 2017, Mr. Nickolas Pitts was taking out his garbage when he was

accosted by Vallejo Police Officers Ryan McLaughlin and Officer Kimodo. Mr.

Pitts was commiting no crime or infraction. Mr. Pitts was violently thrown into a

light pole and had his dreadlocks ripped from his head. Officers falsely claimed to onlookers that Mr. Pitts was on parole, despite Mr. Pitts having no criminal record whatsoever. Mr. Pitts was falsely arrested for resisting arrest. Officers did not activate their body worn cameras until after handcuffing Mr. Pitts. All charges were dismissed against Mr. Pitts. No officers were disciplined or retrained as a result of this incident. This case settled in 2018. (See 2:17-cv-00988)

(m) In March 2017, Mr. Dejuan Hall was viciously beaten by Vallejo Police Officers while suffering a known mental health episode. Instead of providing assistance, Vallejo PD Officer Spence Munoz-Bottomly punched Mr. Hall in the face multiple times and beat him with a flashlight. This incident was captured on video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. The City of Vallejo settled this case in June 2019.

(n) In July 2017, Mr. Carl Edwards was attacked by Vallejo Police Officers Spencer Muniz-Bottomley, Mark Thompson, Bretton Wagoner and Sgt. Steve Darden while fixing a fence. During this vicious beating, Mr. Edwards suffered head trauma, a broken nose, a black eye, cuts to his face, arms, back, hands, head, and he required stitches over his right brow. This incident was captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. It should be noted that Sgt. Steve Darden has a number of unwarranted violent incidents with the public captured on video, including an incident where he attacked a crime victim. Nevertheless, he remains part of the commmand staff. Litigation in this case is ongoing.

(o) On February 13, 2018, Decedent Ronell Foster was shot to death by Defendant Ryan McMahon, after being stopped for not having a headlight on his bicycle. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Mr. Foster raised a flashlight in his hand in a menacing fashion, prompting Officer McMahon to fear for his life and open fire. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal unlawful practices. Video evidence of the incident belies the department's public claims and shows Mr. Foster being shot in the back while attempting to flee from Officer McMahon, who had struck Mr. Foster in the head with a flashlight. Officer McMahon did not activate his body worn camera until after Mr. Foster was shot and killed. Officer McMahon was never disciplined or retrained after shooting an unarmed man in the back. This case is currently being litigated. (See 18-cv-00673 JAM-CKD);

(p) In April 2018, Ms. Sherry Graff was at her home when Vallejo Police Officer Murphy arrived in response to a welfare check. Officer Murphy lured Ms. Graff out of her house for the purpose of arresting her. In the course of bringing her into custody, Officer Murphy threw her down the stairs and abused her so violently that he left fingerprint bruises on her breasts. Ms. Graff required mutiple staples to repair the lacerations to her head. This incident was captured on lapel camera video. No one was disciplined or retrained as a result of this incident. This case is currently being litigated. (See 2:18-cv-02848-KJM-CKD);

(q) In August 2018, Angel Bagos was attacked by Vallejo Police Department in front of a restaurant. Without cause, Mr. Bagos was knocked down, hog tied and severely beaten with a flashlight. Mr. Bagos was arrested but all charges were dropped. This incident was caputed on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. A claim has been filed in this matter and litigation is forthcoming.

(r) In October 2018, Delon Thurston was racially profiled and stopped by Vallejo Police Officer Kevin Barreto, without cause. The officers claimed Ms. Thurston had stolen her own car; which had not been reported stolen. The officers dragged Ms. Thurston out of her car which was parked in her own driveway and arrested. While being searched subject to arrest, the officer penetrated Ms. Thurston's vagina through her clothing. Ms. Thurston was arrested and taken to jail.  The District Attorney did not charge Ms. Thurston with a crime. Ms. Thurston had never been arrested prior to this incident. No one was disciplined or retrained as a result of this incident. A claim was filed with the City of Vallejo and litigation is forthcoming;

(s) In January 2019, Mr. Adrian Burrell was lawfully videotaping his cousin Michael Lawson, who was being held at gunpoint by Vallejo Police Officer David McLaughlin, for an alleged traffic violation. Mr. Burrell was standing on the porch of his own home, approximately 35 feet away from the officer. Vallejo Police Officer David McLaughlin unlawfully demanded that Mr. Burrell go back into his house. When Mr. Burrell refused, Officer McLaughlin attacked Mr. Burrell, causing a concussion and other injuries, then placed him under arrest. The incident

was captured on video and was the subject of international outrage. It was later

learned that in August 2018, Officer David McLaughlin violently attacked a man

in Walnut Creek on video, while off duty, which was known to the Chief of Police

Andrew Bidou. Mr. Adrian Burrell met with Chief of Police Andrew Bidou

following the incident. Despite seeing two videos of Officer McLaughlin engaging

in two unprovoked violent attacks on innocent people, and other violent on duty

incidents, Chief Bidou maintained that Officer McLaughlin was not a danger to the

community;

(t)   In March 2019, Carlos Yescas was stopped by a Vallejo Police Department

Lieutenant Nichelini for a minor traffic offense. The Lieutenant was in plain

clothes and driving an unmarked car not suitable for transport. Lt. Nichelini failed

to identify himself as a police officer and falsely accused Mr. Yescas of resisiting,

because he was still wearing his seatbelt. Lt. Nichelini tried to drag Mr. Yescas out

of the car although the young man was still wearing his seatbelt. The Lieutenant

threw Mr. Yescas on the ground and then kneeled on his back prompting Mr.

Yescas to plead with the Lieutenant that he was unable to breath. Mr. Yescas was

arrested. This incident was captured on video by Mr. Yescas' 10-year-old brother.

Upon information and belief, Lt. Nicholini was not disciplined or retrained as a

result of this incident. A claim for this incident has been filed.

(u)   On June 25, 2019, Vallejo City Manager Greg Nyhoff spoke at a regularly

scheduled City Council meeting.  Shockingly, Mr. Nyhoff publicly ratified the

department's infamous history of violence and contravened the countless civil

claims, civil complaints, videos, photos and testimonials from the community

reporting unwarranted violence, abuse, false arrest, racial profiling and intimidation by denying that there is an excessive force problem with Vallejo Police Officers. The City Manager  stated that in his "opinion, those just don't seem like there's excessive use of force or a lot of use of force in our community," Nyhoff said. "There are people who resist," Nyhoff said. "There are people with mental illness who you just have to use force, sometimes for their own health or well being." Mr. Nyhoff's statements clearly seek to publicly ratify, encourage and condone the Vallejo Police Department's well documented pattern and practice of gratuitous violence and unconstitutional policing. Mr. Nyhoff's statements regarding force being used on mentally ill individuals is in contrast to P.O.S.T. training, Vallejo Police Department policy, state and federal law and seeks to excuse unlawful behavior.

29. Plaintiff is informed, believes and therein alleges that CITY OF VALLEJO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

30. Plaintiff is ignorant of the true names and capacities of Defendant Officers DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

<u>DAMAGES</u>

31. Plaintiff was physically and emotionally injured and damaged as a proximate result of

this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law.

32. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(Plaintiff Against Defendant DOES 1-25 inclusive)**

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this complaint. Defendant DOES 1-25, above-described conduct violated Plaintiff's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against her.

34. Plaintiff was forced to endure conscious pain and suffering and severe emotional distress because of Defendants' unconstitutional conduct;

35. Defendant acted under color of law by seizing Ms. Jenkins, without lawful justification thereby depriving and/or violating her of her right to be free from unreasonable searches and seizures; and by seizing, physically attacking, tasing and arresting Ms. Jenkins without lawful justification thereby subjecting Plaintiff to excessive force and depriving her of her right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Monell – 42 U.S.C. section 1983)**

**(Plaintiff Against CITY, CHIEF and DOES 26-50)**

36. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF VALLEJO officials, including high-ranking police supervisor CHIEF Andrew Bidou and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by Vallejo Police Department.

38. Despite having such notice, Plaintiff is informed and believes and thereon alleges that CITY OF VALLEJO & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department employees by failure to discipline and retrain officers who acted unlawfully and outside of department policy, which brought about Defendants and DOES 1-25 unlawfully attack on Plaintiff.

39. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and DOES 1-25 and/or each of them, ratified and encouraged these Officers to continue their course of misconduct.

40. Plaintiff further alleges that Defendant DOES 26-50, and/or each of

them, were on notice of the Constitutional defects in their training of Vallejo Police Officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

41. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking Vallejo Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to be free from excessive force by Officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Negligence)
### (Plaintiff Against Defendants and DOES 1-25 inclusive)

42. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. Defendant DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Plaintiff, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

44. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss, emotional distress, and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Right To Enjoy Civil Rights)

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Plaintiff Against Defendant DOES 1-25)

45. Plaintiff re-allege and incorporate by reference paragraphs 1 through 44 of this Complaint.

46. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

### (Plaintiff Against Defendant and DOES 1-25 inclusive)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this complaint.

48. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Assault)

### (Plaintiff Against Defendant DOES 1-25 inclusive)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this complaint.

50. Defendants' above-described conduct constituted an assault.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Plaintiff Against Defendant DOES 1-25 inclusive)

51. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 50 of this Complaint.

52. Defendants' above-described conduct was extreme, unreasonable and outrageous.

53. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of being attacked, terrorized, assaulted and battered.

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## JURY DEMAND

54. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For injunctive relief, up to and including assigning a federal monitor to supervise the CITY OF VALLEJO;

2. For general damages in a sum to be determined at trial;

3. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendant DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.

Dated:  September 18, 2019            THE LAW OFFICES OF JOHN L. BURRIS

                                     /s/ JOHN L. BURRIS
                                     JOHN L. BURRIS
                                     ADANTE D. POINTER
                                     MELISSA C. NOLD
                                     Attorneys for Plaintiff