**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**BY: TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants,
CITY OF VALLEJO, ANDREW BIDOU

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DEYANA JENKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>Defendants. | Case No. 2:19-cv-01896-TLN-DB<br><br>**DEFENDANTS CITY OF VALLEJO AND ANDREW BIDOU'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FRCP 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:**     April 16, 2020<br>**Time:**    2:00 p.m.<br>**Ctrm:**    2, 15th Floor<br><br>Hon. Troy L. Nunley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on April 16, 2020 at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2, 15th floor of the above-entitled Court, located at 501 I

Case No. 2:19-cv-01896-TLN-DB        **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) and STRIKE PURSUANT TO FRCP 12(f)**

-1-

Street, Sacramento, California, Defendants CITY OF VALLEJO and ANDREW BIDOU ("CITY DEFENDANTS") will and hereby do move this court for an order:

(1) Striking paragraphs 28(a), (b), (c), (d), (f), (j), (o) and (u) from the Complaint pursuant to FRCP 12(f) as these paragraphs include matters which are redundant, immaterial, impertinent, and/or scandalous as they relate to a finding of liability under Plaintiff's *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978) cause of action;

(2) Dismissing, or alternatively striking, Plaintiff's request for injunctive relief in the prayer pursuant to FRCP Rule 12(b)(6) and FRCP Rule 12(f), respectfully, as she lacks standing under Article III to seek such relief; and

(3) Dismissing BIDOU as a defendant pursuant to FRCP Rule 12(b)(6) as he was only named as the Chief of police in his official capacity, and a defendant sued in an official capacity alongside the agency should be dismissed as redundant.

This motion is based on this notice, the memorandum of points and authorities submitted in support, the CITY's request for judicial notice, the papers and pleadings on file herein and the proposed orders, as well as the pleadings and documents on file herein.

DATED:  February 21, 2020                    Respectfully submitted,


       /s/ Timothy R. Smyth
TIMOTHY R. SMYTH
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO and ANDREW BIDOU,

---

Case No. 2:19-cv-01896-TLN-DB            DEFENDANTS' MOTION TO DISMISS
                                         PURSUANT TO FRCP 12(b)(6) and STRIKE
                                         PURSUANT TO FRCP 12(f)

-2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff DEYANA JENKINS filed her Complaint in this matter naming the City of Vallejo ("CITY") and Chief Andrew Bidou ("BIDOU"), in his official capacity, as defendants. (ECF No. 1.) The Complaint alleges seven (7) causes of action; one (1) of which the CITY and BIDOU were named as a defendant – the Second Cause of Action for Municipal and Supervisory Liability under 42 USC § 1983. *Id.*

The CITY now moves to strike pursuant to FRCP Rule 12(f), certain of Plaintiff's allegations in the Complaint which are redundant, immaterial, impertinent, and/or scandalous which relate to the *Monell* claim asserted by Plaintiff against the CITY and BIDOU.

In addition, Defendants move to dismiss, or alternatively strike, the injunctive relief requested in Plaintiff's prayer as she lacks standing under Article III to seek such relief. In particular, Plaintiff fails to allege facts establishing a likelihood of prospective harm absent such relief being granted. Such relief sought is redundant given that the appropriate redress to Plaintiff's alleged past harms would be limited to monetary damages.

Lastly, Defendants move to dismiss the claims as against BIDOU in his official capacity as his being named is redundant given that Plaintiff's official capacity claim against BIDOU is the same as a claim against the CITY.

Prior to filing this motion, the CITY exchanged correspondence with Plaintiff's counsel on or about October 23, 2019, and thereafter on February 11, 2020, regarding the substance of this motion. The parties could not resolve the dispute informally and without the instant motion.

## II. STATEMENT OF FACTS

### A.     PRODEDURAL STATUS

Plaintiff, DEYANA JENKINS, filed her Complaint in this matter on or about September 18, 2019. (ECF No. 1) Plaintiff named the CITY in its capacity as a municipal corporation, as well as BIDOU in his official capacity as Chief of Police. (ECF No. 1; Para. 6 and 7). Plaintiff also names DOES 1-50 as police officers employed by CITY. (ECF No. 1; Para. 8).

Case No. 2:19-cv-01896-TLN-DB        DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6) and STRIKE
PURSUANT TO FRCP 12(f)

-3-

The CITY was served the Complaint on or about October 9, 2019. The deadline to file a response therefore was October 20, 2019. The parties informally stipulated to extend this deadline until November 18, 2019, pursuant to Eastern District Local Rule 144(a). Thereafter, the parties submitted a stipulation and proposed order to extend the deadline to respond to "30 days following the Court's order on Defendants' motion to dismiss in the matter of *McCoy et al. v. City of Vallejo, et al.*" (ECF No. 8). The court thereafter accepted and entered this order unmodified on November 19, 2019. (ECF No. 9).

The *McCoy* court entered an order denying in part, and granting in part the City's Motion to Dismiss on January 22, 2020. *See McCoy v. City of* Vallejo, 2020 U.S. Dist. LEXIS 11800. This puts the responsive pleading deadline on February 21, 2020.

**B.     PERTINENT ALLEGATIONS FROM COMPLAINT**

Plaintiff alleges on April 15, 2019, she was driving a vehicle in the City of Vallejo with three female passengers and was pulled over by several yet-to-be-identified City of Vallejo police officers. (ECF No. 1; Para. 11-13). Plaintiff alleges being told that the officers mistook Plaintiff's vehicle for one being driven by four African American men. (ECF No. 1; Para. 13). One of the officers asked Plaintiff for her driver's license, which she communicated she did not have. (ECF No. 1; Para. 14). The Complaint alleges that the yet-to-be-identified officers then responded by physically removing Plaintiff from the vehicle, taking Plaintiff to the ground, placing their weight on Plaintiff's back while attempting to secure her arms, and then tasing Plaintiff. (ECF No. 1; Para.14-16).

The Complaint alleges seven (7) causes of action. As against the DOE defendant officers, Plaintiff asserts one (1) federal cause of action for alleged excessive force under the Fourth Amendment, and causes of action for negligence, battery, assault, and violation of Civil Code § 52.1 under California law. (ECF No. 1). The Plaintiff's prayer for relief in this matter seeks "injunctive relief, up to an including appointing a federal monitor to supervise the CITY OF VALLEJO." (ECF 1; Prayer for Relief Para. 1).

As against the CITY and BIDOU, Plaintiffs assert a single federal cause of action for *Monell* liability (ECF No. 1; Para. 36-41). Specific to this cause of action, Plaintiff alleges that

the Vallejo Police Department ("VPD") has a pattern and practice of using excessive force. (ECF No. 1; Para. 28). The proffered factual basis for that pattern and practice is prior, current, and/or anticipated future VPD-related lawsuits and other claims alleging excessive force. (*Id.*) The majority of these claims and lawsuits were brought by the Law Offices of John L. Burris, which represents the Plaintiffs in this action.

As "evidence" of this alleged pattern, Plaintiffs list twenty-one (21) incidents which purportedly support their *Monell* claim. (ECF No. 1; Para. 28(a)-(u).) As described in more detail herein, this motion seeks to strike eight (8) of the twenty-one (21) paragraphs; notably paragraphs 28(a), (b), (c), (d), (f), (j), (o) and (u). These paragraphs are subject to a FRCP 12(f) motion to strike as they are redundant, immaterial, impertinent, and/or scandalous. This motion would not dispose of the *Monell* allegations in their entirety, leaving still thirteen (13) incidents which Plaintiff purports to establish a deliberate indifference to a deficiency in the VPD's training of its officers.

### III. ARGUMENT

#### A. LEGAL STANDARD

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See FRCP 12(b)(6). For a 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). However, "conclusory allegations of law and unwarranted inferences" are insufficient. *Associated Gen. Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP

12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and alteration omitted). Motions to strike "are generally disfavored [by courts] because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). However, such motions should still be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009).

In resolving a motion to strike, the pleadings must be viewed in the light most favorable to the nonmoving party. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, 2012 U.S. Dist. LEXIS 95467, *2 (N.D. Cal. July 10, 2012) (*citing Whittlestone*, 618 F.3d at 973).

### B. PLAINTIFF'S *MONELL* ALLEGATIONS MUST BE STRICKEN AS THE CASES CITED ARE IMMATERIAL AND DUPLICATIVE

In support of her *Monell* cause of action against the CITY and BIDOU, Plaintiff in her complaint cites to twenty-one prior instances of allegations brought against the CITY to establish a "pattern and practice of using excessive force and misconduct against citizens". (ECF No. 1; Para. 28). Plaintiff further alleges these twenty-one instances are examples of the CITY's "failure to properly supervise its Officers and ratify their unconstitutional conduct". *Id.*

A municipality is generally not subject to liability under 42 U.S.C. § 1983 for the alleged unconstitutional acts of an employee. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The case of *Monell v. Dep't of Social Services* permits municipalities to be held liable for an unconstitutional custom, policy, or practice. *Id* at 690. But, such liability may only be established one of three ways: (1) proof that municipal employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which

constitutes the standard operating procedure of the local governmental entity; (2) proof that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged conduct was thus an act of official government policy; or (3) proof that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.  *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations omitted).

In this case, Plaintiff alleges a *Monell* claim under the first and third theories: longstanding custom and practice of excessive force (via allegedly inadequate training, supervision, and discipline); and ratification by a final policy-making official.  Specific to Plaintiff's first theory that the CITY has a custom and practice of excessive force, the CITY now moves to strike paragraphs from the Complaint as redundant, immaterial, and/or impertinent to the Plaintiff's *Monell* allegations.  An immaterial matter is one which "has no essential or important relationship to the claims for relief or defenses being pleaded"; and an impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds.

### 1) The Complaint Paragraphs 28(a), (b), (c), and (d) Should Be Stricken as Immaterial and Impertinent to the Claim Alleged.

Plaintiff recites four officer-involved shootings in 2012 as evidence of a pattern a practice of excessive force under these paragraphs.  However, these particular instances are immaterial and impertinent as these incidents do not strike any resemblance to the facts at issue in this case, and these incidents allegedly occurred under the purview of a completely different chief of police with BIDOU being hired in 2014.  (Request for Judicial Notice No. 1).

In order to demonstrate deliberate indifference to evidence a potential *Monell* violation for failure to train, Plaintiff needs to show "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thomson*, 563 U.S. 51, 62. (holding that four *Brady* violations were not sufficiently similar to the sort of *Brady* violation at issue in the case to establish deliberate indifference – i.e. failure to disclose blood evidence, a crime lab report, or physical or scientific evidence of any kind).  However, as to these paragraphs, the incidents described do

not bear sufficient resemblance to the fact pattern at issue here to be pertinent. In particular, the degree of force used (i.e. legal force versus non-lethal force) have different standards and therefore are trained on differently. *See Tennessee v. Garner,* 471 U.S. 1 (1985)(finding deadly force is justified only where the officer has probable cause to believe that a suspect poses a threat of serious physical harm, either to the officer or others); *See also Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010) (finding a taser to fall into the category of non-lethal force). Indeed, the ruling in *McCoy* determined the six shooting incidents were "factually pertinent" to the underlying officer involved shooting such that the *Monell* claim can survive the City's motion to dismiss. (*McCoy, supra* at *11-12). In the alternative here, given that the standards and training for deadly force situations are different than what would be applicable here, it then follows that these shootings are not pertinent to a non-lethal use of force situation. It cannot be said by Plaintiff that the City's failure to train on use of deadly force could have caused Plaintiff's constitutional violation for non-lethal force used on Plaintiff in this matter.

Other facts also suggest these cited situations are not material or pertinent to the "pattern" alleged. These shooting incidents each occurred in 2012 - three years prior to the next incident identified in the Complaint in January, 2015. (ECF No. 1; Para. 28(f)). Additionally, three of these four incidents listed in these paragraphs were by the same individual, meaning they would not logically establish a widespread practice amongst the department as a whole. These incidents also each occurred prior to BIDOU becoming chief, so they would be immaterial and impertinent if used to show a custom and practice existed during BIDOU's tenure as the policymaker for the department. In addition, due to their immateriality and impertinence, these paragraphs are also redundant when contrasted with other instances alleged. In fact, these incidents appear to be outliers when closely examined against the "pattern" alleged by Plaintiff.

Should the court allow these paragraphs to remain, Plaintiff will undoubtedly seek to re-litigate the facts from these events which occurred eight years ago. Each of these matters were settled, and dismissed, with prejudice, with Plaintiff's counsel also being counsel of record in these matters. The CITY has not retained evidence or discovery connected with these matters, and witnesses to these matters would undoubtedly be difficult to locate. The CITY would be

greatly prejudiced by allowing these matters to be re-litigated after justifiably relying on the settlement agreements and dismissals to believe these matters be closed. For the above reasons, striking these paragraphs is in the interests of justice and would avoid the expense of re-litigating these settled cases, as well as prevent great prejudice on the CITY.

### 2) The Complaint Paragraph 28(f) Should Be Stricken as Immaterial, Impertinent, and Scandalous to the Claim Alleged.

Plaintiff in this paragraph asserts that in January, 2015, Mr. Jon Connelly was "violently attacked by Vallejo Police Officer Bradley Phillips", whereby Phillips "smashed [Connelly's] hand/wrist into the concrete with his boot, causing broken bones". (ECF No. 1; Para. 28(f).) This allegation, however, is blatantly false and attempts to disparage a jury verdict rendered in Officer Phillips' favor finding he did not use excessive force on Mr. Connelly. (RFJN No. 2). Given that this allegation is patently false and the underlying litigation resulted in a finding that force used against Mr. Connelly was not excessive, it cannot then logically support Plaintiff's claims that a pattern and practice of excessive force exists. As such, this paragraph is immaterial and impertinent to Plaintiff's claim.

Furthermore, this allegation should be stricken as scandalous given that it seeks to create the specter of witness tampering at the expense of deriding the jury system. These heinous allegations are admittedly grounded on "information and belief" (i.e. unsubstantiated rumors and conjecture). Given the gravity of the allegations here, and the absence of facts supporting this assertion, this paragraph should also be stricken as scandalous.

### 3) The Complaint Paragraphs 28(j) and (o) Should Be Stricken as Duplicative, Immaterial, and Impertinent to the Claim Alleged as they involve Deadly Force Situations.

Plaintiff in these paragraphs seek to connect two shooting incidents in 2017 and 2018, respectively, as evidence of a pattern and practice of excessive force. Although these incidents were more recent than those identified in paragraphs 28(a)-(d), these incidents should still be stricken as immaterial and impertinent as these deadly force situations and are not sufficiently similar to the allegations involved in this case.

Case No. 2:19-cv-01896-TLN-DB        DEFENDANTS' MOTION TO DISMISS
                                      PURSUANT TO FRCP 12(b)(6) and STRIKE
                                      PURSUANT TO FRCP 12(f)

-9-

As argued in Section 1) above, the standards and training for deadly force situations are different than the standards and training for non-lethal force (i.e. tasers). As such, it then follows that these shootings are not pertinent and have no logical relationship to the non-lethal use of force situation at issue here. Again, it cannot be said by Plaintiff that the City's failure to train on use of deadly force could have caused Plaintiff's constitutional violation for the non-lethal force used on Plaintiff in this matter. Furthermore, these paragraphs are duplicative of the thirteen (13) other matters which Defendants do not seek to have stricken here.

In addition, given that each of these matters identified under these paragraphs are currently being actively litigated as between the CITY and the same Plaintiff's law firm, the potential for prejudice is great in re-litigating these cases. In addition, the amount of discovery is considerable in all officer involved shooting cases given that these situations trigger laws and protocols that require a more extensive investigation. Again, the stated purpose of a motion to strike would be best served by striking these paragraphs so as to avoid unnecessary expense and resources in connection with superfluous matters.

### 4) The Complaint Paragraph 28(u) Should Be Stricken as Immaterial and Impertinent to the Claim Alleged.

Plaintiff in this paragraph asserts that the CITY's manager, Greg Nyhoff, made statements during a regularly scheduled City Council meeting which "publicly ratified the department's infamous history of violence." (ECF No. 1; Para. 28(u)). However, these public comments by Mr. Nyhoff are in no way material or pertinent to the allegations here as he is not a "final policymaker" for the Vallejo Police Department. Rather, the complaint identifies BIDOU as the only "high-ranking police supervisor" under the *Monell* cause of action (ECF No. 1; Para. 37). Absent any connection between Mr. Nyhoff and the power to effect policy within the department, this paragraph does nothing to advance the claims asserted by Plaintiff. For this reason, the Court should strike this paragraph from the Complaint as immaterial and impertinent to the claims.

Furthermore, Plaintiff's assertions under this paragraphs would potentially cause any and all statements by persons not designated as policymakers for the VPD to be relevant on the issues

of *Monell*. If this were to be allowed, Plaintiff could conceivably require Defendants to review any and all statements ever made at any council meetings, or in the public, to determine if these non-policymaking officials have "ratified" or "condoned" conduct which Plaintiff alleges to be unconstitutional. This is not logical, and such as position is not supported by the law. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) (holding an official must be responsible for establishing final governmental policy respecting that particular activity for a municipality to be liable under *Monell*).

### C. PLAINTIFF LACKS STANDING TO PURSUE INJUNCTIVE RELIEF

To establish Article III standing, a plaintiff must demonstrate that: (1) he or she suffered an injury in fact that is concrete, particularized, and actual or imminent (not conjectural or hypothetical); (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff's standing is assessed as of the time an action was initiated and is unaffected by subsequent developments. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). A Plaintiff must establish standing with respect to each claim and form of relief. *Wildearth Guardians v. United States EPA*, 759 F.3d 1064, 1070-1072 (9th Cir. 2014) (organization had standing to challenge only certain EPA decisions); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (requiring plaintiff to show standing separately for injunctive relief and civil penalties).

The Plaintiff's prayer for relief in this matter seeks "injunctive relief, up to an including appointing a federal monitor to supervise the CITY OF VALLEJO." (ECF 1; Prayer for Relief Para. 1). This request for injunctive relief is hopelessly vague and leaves the particular conduct Plaintiff seeks to enjoin open to the imagination. Regardless, Plaintiff can only pursue an injunction as a remedy if she can establish a "likelihood of substantial and immediate irreparable injury" so as to satisfy Article III standing requirements. *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). The alleged injury cannot be "conjectural," "hypothetical," or "speculative." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (determining the plaintiff lacked standing where

he failed to show the real and immediate threat that he would again be subject to a chokehold during a traffic stop).

Plaintiff here does not state facts establishing a likelihood of any irreparable injury in the future to justify any form of injunctive relief. Plaintiff does not even state she is a resident of the City of Vallejo, rather just a "resident of California[1]." (ECF 1; Para. 5). In addition, based upon the facts as alleged, the traffic stop was a case of mistaken identity and was exacerbated by Plaintiff's admitted failure to have her driver's license while operating a motor vehicle. (ECF 1; Para. 13-14). Based upon the facts alleged, it would be pure speculation to suggest that Plaintiff is at imminent risk of CITY police officers using force against her during a traffic stop given that she would again have to be (a) driving in the CITY, (b) be mistakenly pulled over, and (c) have forgotten her driver's license.

Further, an argument that constitutional violations are rampant through the CITY and therefore intervention is necessary to protect the Plaintiff is also purely speculative. "[I]t is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citizen, the police will act unconstitutionally and inflict injury without provocation or legal excuse." *Lyons*, supra at 108. As such, Plaintiff's request for injunctive relief should be dismissed as Plaintiff cannot establish standing to seek this relief.

In the alternative, injunctive relief should be stricken from the Complaint pursuant to FRCP Rule 12(f) as such relief is redundant and unnecessary based upon the facts alleged. As stated above, Plaintiff cannot show any likelihood of prospective harms being committed against her, so the Complaint only may operate to redress alleged past wrongs. Therefore, an adequate alternate remedy (i.e. money damages) exists under the same causes of action. *See Bishop v. Boral Industries, Inc.,* 2019 U.S Dist. LEXIS 153495 *23-24 (determining it proper to strike prayer for injunctive relief where plaintiff failed to establish the need for prospective relief, and already had remedy available for prior wrongs alleged).

///

---

[1] It is understood Plaintiff is actually a resident of Richmond, California.

Case No. 2:19-cv-01896-TLN-DB            DEFENDANTS' MOTION TO DISMISS
                                         PURSUANT TO FRCP 12(b)(6) and STRIKE
                                         PURSUANT TO FRCP 12(f)

### D. CHIEF BIDOU SUED IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED

Defendant BIDOU is named as a defendant in his official capacity only. It is well established that an official capacity claim against an official is treated as a claim against the agency. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ky. v. Graham*, 473 U.S. 159, 166 (1985). Individual defendants sued in an official capacity alongside the agency may be dismissed as redundant. *See Center for Bio-Ethical Reform v. L.A. County Sheriff Department*, 533 F.3d 780, 786 (9th Cir. 2008).

BIDOU, as the former Chief of Police, has been named only in his official capacity. The complaint does not include allegations demonstrating that BIDOU participated in or directed the actions of the officers, which would be required to state a claim against him personally. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As such, Andrew Bidou is not a proper Defendant to this action and Defendants request that he be dismissed pursuant to FRCP 12(b)(6).

### III. CONCLUSION

The CITY's motion to strike should be sustained pursuant to FRCP Rule 12(f) as Plaintiff's Complaint cites to matters which are redundant, immaterial, impertinent, and scandalous. In addition, Plaintiff lacks Article III standing to seek injunctive relief against the City, and therefore this allegation should be either stricken, or dismissed pursuant to motion to FRCP Rule 12(b)(6). BIDOU should also be dismissed pursuant to FRCP Rule 12(b)(6) outright as his being named as a defendant in his official capacity is duplicative and unnecessary given that the CITY was named already as a party.

For the foregoing reasons, these motions should be granted.

DATED: February 21, 2020                                   Respectfully submitted,

 /s/ Timothy R. Smyth
TIMOTHY R. SMYTH
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ANDREW BIDOU