**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTÉ D. POINTER Esq. SBN 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; and DOES 1-50, individually and in their capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>　　　　　Defendants. | CASE NO.: 2:19-cv-01896-TLN-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Honorable Judge Troy L. Nunley<br><br>Date:　April 16, 2020<br>Time:　2:00 p.m.<br>Ctrm:　2 |

## **INTRODUCTION**

On the evening of April 15, 2019, Plaintiff Ms. Deyana Jenkins was driving in the City of Vallejo. She was accompanied by three teenage female friends. Ms. Jenkins observed Vallejo Police Officers conducting a traffic stop in the parking lot of a gas station and lawfully drove past the officers.

Within seconds of passing the Officers, Ms. Jenkins observed a car approaching her at a high rate of speed and realized it was a police car. Ms. Jenkins pulled her car to the curb to get out of the way. The patrol car pulled up behind her. Multiple, yet-to-be-identified Vallejo Police Officers jumped out of the car and demanded the occupants put their hands up, while pointing guns at the girls. The Officers accused the girls of making gestures at them. Later the Officers explained they mistook Ms. Jenkins and her friends for being a car full of African American men.

An Officer asked for Ms. Jenkins' driver's license. She told the Officer it was in her purse. Without giving any warning, the Officer reached into the car and grabbed her wrist. He then proceeded to drag her out of the car and threw her to the ground. Next, multiple officers used their knees and bodyweight to hold her 115-pound body down. She was terrified as she lay frozen in fear that she would be killed like her uncle, who was gunned down by Vallejo Police two months earlier. Despite her compliance, Ms. Jenkins was tased. Afterwards, Ms. Jenkins was taken to the hospital and then jail. The District Attorney declined to pursue the frivolous charges.

Thereafter, Plaintiff brought this action against Defendants alleging violations of the Fourth Amendment and attendant state law claims, arising out of this incident. Defendants incredulously move to dismiss and/or strike portions of Plaintiff's Complaint based upon inapplicable case law and their mistaken belief that Plaintiff randomly listed twenty-one (21) prior incidents of litigation against the City of Vallejo to demonstrate a pattern of permitting excessive force and that those incident are not pertinent and/or material and/or are scandalous. However, as Plaintiff's Complaint clearly states, the prior cases are listed for the purpose of demonstrating Vallejo Police Department, and *inter alia* the City of Vallejo's, awareness of this pattern of its Officers using excessive force and its ongoing failure to supervise, discipline and/or retrain the officers who engage in such conduct, as evidence of the City's deliberate indifference to its Officers' constitutionally violative conduct which is tantamount to a custom, policy or practice that is encouraged and ratified by the City.

Plaintiff's counsel is currently litigating three additional cases pending in the Eastern District, which allege identical *Monell* facts related to the City of Vallejo's pattern of failing to discipline their employees, failing to supervise their employees and subsequent ratification of officer misconduct and policy violations. (*McCoy v. City of Vallejo,* USEDC 2:19-cv-001191-JAM*; Thurston v. City of Vallejo,* USECD 2:19-cv-01902-KJM*; Burrell v. City of Vallejo,* USEDC 2:19-cv-01898).

In the matter of *McCoy v. City of Vallejo*, the parties stipulated to stay the other three cases, including this one, and allow the honorable Judge John A. Mendez to decide this identical *Monell* issue. (See Dkt. 9; USEDC 2:19-cv-01902-KJM, Dkt. 7; and USEDC 2:19-cv-01898 Dkt. 9). Judge Mendez rejected Defendants' argument for dismissal of these identical *Monell* facts. (See USEDC 2:19-cv-001191-JAM, Dkt. 12) Nevertheless, Defendants opted for a second, third and fourth bite at the apple, and filed three more Motions to Dismiss these identical *Monell* allegations, wasting the limited resources of the court, taxpayer dollars and counsel's time. (See Dkt. 9; USEDC 2:19-cv-01902-KJM, Dkt. 7; USEDC 2:19-cv-01898 Dkt. 9; and the present matter*).*

Subsequent to the ruling in *McCoy*, Honorable Judge William Shubb also considered and rejected Defendant City's attempts to Dismiss these identical *Monell* allegations. (See *Burrell v. City of Vallejo,* USEDC 2:19-cv-01898).

However, as Plaintiffs' Complaint clearly states, the prior cases are listed for the purpose of demonstrating Vallejo Police Department and inter alia the City of Vallejo's awareness of this pattern of its Officers' using excessive force and its ongoing failure to supervise, discipline and/or retrain the officers that engage in such conduct, as evidence of the City's deliberate indifference to its Officers' constitutionally violative conduct which is tantamount to a custom, policy or practice that is encouraged and ratified by the City. Plaintiffs agree with Judges Mendez and Shubb's opinions on this identical issue and hopes the court follows suit to permit Plaintiffs' Operative Complaint to

3

proceed on the *Monell* claim as filed. (See *Burrell v. City of Vallejo,* USEDC 2:19-cv-01898, Dkt. 19).

Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint is based on the arguments made below, on the Court's file, and on such oral and/or documentary evidence presented at the hearing of this motion.

# TABLE OF CONTENTS

| | |
|---|---:|
| Introduction .................................................................................................................. | 1 |
| Table of Authorities ..................................................................................................... | 6 |
| Statement of Facts ........................................................................................................ | 7 |
| Argument....................................................................................................................... | 10 |
| I. Legal Standard on Dismissal under FRCP 12(b)(6).................................................. | 10 |
|     A. Plaintiff Plead Facts Sufficient to Support Their Monell Claim ………………………. | 8 |
|         i. Prior Incidents are Material and Pertinent ………………………………….. | 13 |
|         ii. Paragraph 28(f) is Pertinent and Material ……………………………………….. | 16 |
|         iii. Plaintiff Agrees to Strike Paragraph 28 (u) ……………………………………… | 17 |
|     B. Plaintiff Acknowledges the Insufficiency of their Pleading Regarding the Chief ……….. | 17 |
|     C. Court Should Permit Plaintiffs to Cure Any Deficiencies in Their Complaint…… | 18 |
|     D. Conclusion........................................................................................................... | 18 |

# TABLE OF AUTHORITIES

**Statutes**

42 U.S.C. 1983 ………………………………………………………………………………… 8, 9

Federal Rules of Civil Procedure 12 (b)(6) …………………………………………………… 6, 7

Federal Rules of Civil Procedure 15 (a) …………………………………………………….. 13

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…………………………………………………… 6

*Breen v City of Concord, 3:19-cv-05622, 6:3-6, Dkt #19*…………………………………………….. 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)……………………………………. 7

*Christie v. Iopa,* 176 F.3d 1231, 1238 (9th Cir.1999)………………………………………….. 9

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)……………………………………… 9

*City of Canton v. Harris*, 489 U.S. 378 (1989) ………………………………………………… 8, 9

*Estate of Duran v. Chavez*, No. 2:14-cv-02048, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015)  9

*Estate of Villarreal ex rel. Villarreal v. Cooper*, 929 F.Supp.2d 1063 (2013) ……...……………. 9

Galbraith v Cnty. Of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)…………………………. 10

*Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam)………………………. 9, 11

*Gilliam v. City of Vallejo*, No. 214-cv-2217, 2016 WL 4059184 (E.D. Cal. May 27, 2016)……… 11

*Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir. 1997)……………………………………. 7

*Ileto v. Glock Inc*., 349 F.3d 1191, 1199-200 (9th Cir. 2003)…………………………………….. 6

*Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003)…………………………………………. 7

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ……………………………………… 9

 *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)…………………………………………… 13

*McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)…………………………………... 8

*Monell v. Department of Social Services*, 436 U.S. 658 (1978). ……………………………….… 8

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)……………………………………………… 7

*Phillips v. Cty. of Fresno*, No. 1:13-cv-0538, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013)…. 9

**STATEMENT OF FACTS**

On April 15, 2019, at approximately 11:45 p.m., Plaintiff Deyana Jenkins was driving down Tennessee Street through the intersection of Sonoma Blvd., in Vallejo, when she noticed a Vallejo Police Department patrol car stopping someone at the gas station across the street from a Nations Hamburger restaurant. Ms. Jenkins was traveling with three other African-American young women. Ms. Jenkins stands a petite 5' tall and weighs a mere 115 pounds.

As Ms. Jenkins drove past the officers she noticed one of them flash a flashlight or flood light at her car. Ms. Jenkins proceeded to lawfully travel down the road. Before she could make it to Broadway Street, she saw a Vallejo Police Department patrol car approaching her car from behind at a very high rate of speed, causing her to pull over.

Several yet-to-be-identified City of Vallejo Police Officer approached the car with their guns drawn and told the occupants to put their hands up. All of the terrified occupants immediately complied and inquired about why they were being stopped at gunpoint. With their hands still extended, the passengers began videotaping the incident. One of the officers alleged that someone had placed their hand outside of the window and made a gesture, which is not a crime in this jurisdiction or state. The occupants requested that the officers put their guns away. The occupants were told that the Officers mistook the four young women for African American men, acknowledging that African American men were the intended target of this racially motivated stop.

One of the officer approached the driver window and asked for Ms. Jenkins' driver license, with his gun still drawn. Ms. Jenkins began to look for her identification in her purse, but realized that she left her driver license in her other purse. Ms. Jenkins notified the officer that she did not have her driver license on her person and he immediately reached into the car, grabbed her arm, handcuffed her and told her that she was resisting. Ms. Jenkins was not resisting whatsoever;

7

nevertheless, the officer tried to drag Ms. Jenkins out of the car with her seatbelt still on. Ms. Jenkins tried to call her mother, but the officer threw her phone out of reach.

Officers violently dragged Ms. Jenkins out of the car and threw her face down on the ground. The Officers used their knees and body weight to pin her against the asphalt, while pulling on both of her arms, despite her offering no resistance. Ms. Jenkins feared for her life and believed that she was going to be murdered like her uncle Willie McCoy, who was shot and killed in February 2019, by six Vallejo Police Officers, as he began to awaken from unconsciousness. The McCoy matter is currently being litigated before Judge Mendez.  (Case No.: 2:19-cv-01191)

Next an Officer tased Ms. Jenkins. The Officers then falsely accused her of resisting arrest, despite Ms. Jenkins being fully complaint and completely under the control of two adult men. During the incident, one of the passengers suffered a panic attack. The officers were notified that Ms. Jenkins was Willie McCoy's niece and that the young ladies were afraid for their lives.

During the incident, one of the car's passengers attempted to film the encounter only to have an Officer knock the phone out of her hand. The Officer's conduct prevented her from videotaping and documenting this police abuse. Ms. Jenkins was taken into custody and transported to Kaiser Vallejo for medical evaluation. Prior to leaving the scene, officers told the other passengers of the car that they were not allowed to follow the patrol car to the hospital. A different yet-to-be-identified officer contradicted his peers and told the passengers that they were lawfully allowed to follow Ms. Jenkins to the hospital, despite what the assailants claimed. After Ms. Jenkins completed her medical treatment, multiple officers misdirected the young women, to prevent them from ensuring Ms. Jenkins' safe arrival at Solano County jail.

Ms. Jenkins was held at Solano County Jail for several hours on bogus criminal charge of resisting arrest. She wasl also cited for not having her driver license in her possession. The District Attorney rejected this false arrest and declined to pursue charges.

Prior to this incident, Ms. Jenkins had never been arrested or accused of any crime. Ms. Jenkins suffered physical and emotional injuries as a result of Defendants' violent assault, tasing and unlawful arrest.

In Plaintiffs' Complaint, they allege that the subject incident continues the Vallejo Police Department's long standing pattern and practice of ratifying its Officers' misconduct. (Plaintiffs' Complaint Dkt #1 ¶24-27) Plaintiff's Complaint further states Defendant City is aware of its Officers' constitutionally violative conduct yet it refuses to adequately train, supervise, discipline or retrain its officers who engage in unconstitutional policing. (Plaintiffs' Complaint Dkt #1 ¶24-27) The City's steadfast denial and/or refusal to properly train, supervise and/or discipline its Officers for using excessive force demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports to cover up the Defendant officers's misconduct. (Plaintiffs' Complaint Dkt #1 ¶26)

To that end, Plaintiff listed twenty-one (21) prior incidents where violations of Vallejo Police Department policy and longstanding P.O.S.T. training did not result in any manner of discipline or retraining which is similar if not identical to the allegations contained in the complaint at bar, namely that the officers who injured Plaintiff were not adequately disciplined and/or retrained. (Plaintiffs' Complaint Dkt #1 ¶26, 27, 28(a)-(u), 37-41) The vast majority of the listed incidents have or are expected to result in significant monetary settlements or verdicts to compensate for the officers' wrongdoing, and none of which resulted in any discipline and/or retraining to identify and correct violations of training and/or policy. As such, these 21 incidents are clearly both material and pertinent to Plaintiff's claims.

# ARGUMENT

## I. LEGAL STANDARD ON DISMISSAL UNDER F.R.C.P. 12 (b)(6)

A motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a plaintiff's pleadings, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." Id. (internal quotations omitted).

A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the complaint. There is a strong presumption against dismissing an action for failure to state a claim. See *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The Rule 12(b)(6) issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal

quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Leiche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

The court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "motions to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation or unless prejudice would result to the moving party from denial of the motion." *Delgado v. Marketsource, Inc.,* No. 17-CV-07370-LHK, 2019 WL 1904216, at *3 (N.D. Cal. Apr. 29, 2019)

### A. **PLAINTIFFS PLEAD FACTS SUFFICIENT TO SUPPORT THEIR MONELL CLAIM**

A municipality is only liable for the acts of its employees through section 1983 where the plaintiff can show that a policy, custom, or practice led to the violation at issue. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). The failure to train or supervise may give rise to a "policy or custom" sufficient to impose liability on defendants. *City of Canton*, 489 U.S. at 389- 90. A municipality's failure to train its employees may create § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton*, 489 U.S. at 388; *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). See e.g., *Estate of Villarreal ex rel. Villarreal v. Cooper*, 929 F.Supp.2d 1063, 1077 (2013).

A relaxed pleading standard may apply in limited circumstances. Allegations based on "information and belief" may be sufficient to establish a "causal connection between the existing or non-existing policies, procedures and practices and the harms [Plaintiffs] experienced" when "the facts that might demonstrate the causal connection—such as...corrective actions taken or not taken—are not available to the pleading party [before] discovery." *Phillips v. Cty. of Fresno*, No. 1:13-cv-0538, 2013

11

WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013) (internal citations and quotation marks omitted). This is particularly true when a plaintiff raises failure to discipline or failure to train claims. See *Estate of Duran v. Chavez*, No. 2:14-cv-02048, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) (allowing plaintiffs' failure to supervise, investigate, or discipline claim to survive defendants' motion to dismiss); *Phillips*, 2013 WL 6243278 at *10 ("find[ing] that dismissal of plaintiffs' claims for entity/supervisor liability is inappropriate at this stage of the proceeding"). A plaintiff "may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded," *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam).

Isolated constitutional violations may also give rise to municipal liability where an agent of the municipal corporation possesses final policymaking authority and "ratifies" a subordinate's actions. *Christie v. Lopa,* 176 F.3d 1231, 1238 (9th Cir.1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). To establish ratification, a plaintiff must prove that the authorized policymaker approved the subordinate's position and the basis for the decision. *Id.* at 1239.

"In this circuit, a claim of municipality liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice." *Galbraith v Cnty. Of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).*

Defendants claim that Plaintiff's Monell claim alleges facts that are immaterial and impertinent to this litigation. Here, Plaintiffs listed twenty-one (21) instances of police misconduct which resulted in claims, lawsuits, jury verdicts and/or settlements arising out of the alleged use of excessive and/or unlawful deadly force. Plaintiff further alleged the City failed to discipline or retrain any of the involved offending officers: all facts which are similar to the case at bar. Plaintiff based the allegations contained in the Complaint on personal knowledge, information, and belief, since the vast majority of cases listed

12

in Plaintiffs' Complaint were litigated by the Law Offices of John L. Burris and counsel maintains firsthand knowledge of the lack of discipline or retraining involved in those incidents, which also occurred in the instant case. Due to the similarity of all these incidents resulting in failure to supervise, discipline or retrain, resulting in ratification of the conduct, these 21 instances are quite material and pertinent to Plaintiff's *Monell* claim, which seeks to demonstrate an identical pattern and practice in the previous 21 and now 22nd incident.

### i.   PRIOR INCIDENTS ARE PERTINENT AND MATERIAL

Plaintiff implores this court to use a similar analysis utilized by Magistrate Judge Sally Kim where in the *Breen v. City of Concord, et al* case, she reasoned that "highly detailed allegations from factually pertinent cases presented by Plaintiff in support of his *Monell* claim are more than sufficient to survive Defendants' motion to dismiss."  (See *USNDC Case No. 3:19-cv-05622-SK Dkt #19)* Evidence is immaterial if it "has no essential or important relationship to the claims for relief or defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527 (9th Cir. 1993). An impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

Defendants claim Plaintiff has not presented facts sufficient to support her *Monell* claim because Plaintiff's Operative Complaint describes 21 prior incidents of alleged misconduct which are not material or pertinent to the facts presented in this incident. (see Dkt. 1 ¶28(a)-(u)). To remedy their distaste for Plaintiff's allegations, Defendant seek to dismiss or strike particular subsections of paragraph 28 of Plaintiff's complaint. Defendants further allege, without accompanying law, that Chief Bidou's tenure with the City of Vallejo is somehow related to the pattern being alleged.

Defendants are incorrect in their third attempt to advance this same failed argument as Plaintiffs need not present **identical** facts to be material and pertinent and successfully advance their

*Monell* claim past this *12(b)(6)* stage of attack. Moreover, it is improper to make piecemeal attacks on sections of the *Monell* claim.

Here, Plaintiffs' Operative Complaint lists 21 prior incidents which are factually pertinent and material in relation to the case at bar because they are all incidents of police conduct which resulted in: 1.) an alleged use of excessive force or misconduct, 2.) violations of Vallejo Police Department policy, and 3.) the City not imposing any discipline and 4) City not retraining the involved Officer(s). Likewise, these 21 instances have an important relationship to the case at bar, because, as Plaintiff sets forth, DOE defendant Officers violated their Department's policy and training but nevertheless the City failed to discipline or retrain these Officers, just like the 21 other incidents pled in Plaintiff's operative Complaint. Plaintiff further contends that the City's failure to discipline or retrain in this and all of the other 21 similar incidents is evidence of ratification of officer misconduct which allows rogue officers to go unchecked, as was stated in paragraph 28(f). All of these facts are similar to the case at bar and sufficient to permit the *Monell* claim to advance forward at this stage of litigation.

Further, as Judge Shubb opined, Defendant's request 'to dismiss specific subsections of a paragraph in a complaint, while not seeking to dismiss the entire claim -- does little to challenge the legal sufficiency of the claim as required under Rule 12(b)(6)', citing *Ileto*, 349 F.3d at 1199-20. *Burrell*, Dkt. 19, p. 4:2-6.  He goes on to say, 'the court refuses to stretch the purposes of Rule 12(b)(6) to encompass cosmetic alterations to the operative complaint." *Id.* At p. 4:9-12

Further, Plaintiffs base the 21 allegations contained in the Operative Complaint on personal knowledge, information, and belief, since the vast majority of cases listed in Plaintiff's Complaint were litigated by the Law Offices of John L. Burris and counsel maintains firsthand knowledge of the lack of discipline or retraining involved in those incidents, which also occurred in the present case. It is worth noting, Plaintiff's counsel interviewed the plaintiffs and witnesses in the only matter listed which they did not personally litigate.

Despite Defendants' confusion, Plaintiff did not just list cases wherein officers were named Defendants in other litigation. Instead, Plaintiffs painstakingly listed a litany of other instances wherein citizens have filed government tort claims and/or lawsuits identifying other Vallejo Police Officers, who similar to the DOE Defendants here, have engaged in misconduct or used excessive force under dubious circumstances and those Officers, like the ones here, were not properly disciplined or retrained. For example, in one egregious example, Officer Sean Kenney shot and killed 3 different unarmed men, in 3 separate incidents over a five months but was never disciplined, retrained, debriefed or removed from duty. Incredibly, after the third shooting death he was allowed to voluntarily quit his job and was later rehired as a homicide detective of all things. (Plaintiffs' Complaint Dkt #1 ¶ 28(a-c)).

Defendants made a point of noting that Chief Bidou was not the Chief of Police during the entire span of incidents recited in the Complaint. However, Defendants present no law or argument as to why his presence or lack thereof would diminish the pattern described by Plaintiff. Chief Bidou was present for a number of the incidents listed, including the subject incident, making his inclusion appropriate. It is not necessary for the same Chief of Police to be present for the entire span of alleged misconduct and the fact that multiple Chiefs reigned over the Department and permitted ongoing misconduct does not work in Defendants' favor.

Every such failure to discipline or retrain officers for overt policy and training violations serves to ratify Vallejo Police Officers' conduct and continues to place citizens at risk of harm. Plaintiffs anticipate presenting statistical analysis that places Vallejo Police Department's use of force among the highest, per capita, in the country. In fact, Plaintiffs are seeking federal oversight of the Vallejo Police Department as part of their prayer for relief and believe each of the 21 outrageous, undisciplined incidents demonstrates the need for such oversight!

### ii.) PARAGRAPH 28(f) IS PERTINENT AND MATERIAL

Defendants seek to strike or dismiss paragraph 28 (f) from Plaintiff's complaint for being scandalous, immaterial and impertinent. Defendants allege the paragraph is 'blatantly false and attempts to disparage a jury verdict rendered in Officer Phillips' favor finding he did not use excessive force on Mr. Connelly.' Defendants further allege that Mr. Connelly's allegations of witness tampering by Vallejo Police are unrelated to excessive force and cannot logically support Plaintiff's claims that a pattern and practice of excessive force exists. Defendants further allege Plaintiff is attempting to raise the 'specter' of witness tampering based on unsubstantiated rumors and conjecture.

As Judge Shubb opined in his Order, Defendant's request 'to dismiss specific subsections of a paragraph in a complaint, while not seeking to dismiss the entire claim -- does little to challenge the legal sufficiency of the claim as required under Rule 12(b)(6)', citing *Ileto*, 349 F.3d at 1199-20. *Burrell*, Dkt. 19, p. 4:2-6.  He goes on to say, 'the court refuses to stretch the purposes of Rule 12(b)(6) to encompass cosmetic alterations to the operative complaint. *Id.* At p. 4:9-12

Here, an allegation is not scandalous simply because it is unpleasant. In fact, witness tampering may be the least offensive of the accusations of misconduct being alleged in Plaintiff's complaint, which include brutal unprovoked physical attacks and shooting unarmed men in the back.

Despite being continuously misstated by Defendants, Plaintiff is not alleging a pattern of excessive force, but instead a pattern of failing to supervise, discipline or retrain officers no matter what type of misconduct they are involved in, which results in ratification of all bad conduct, such as the conduct demonstrated in paragraph 28(f) and the subject incident.

Plaintiff's allegations regarding witness tampering are based upon more than unsubstantiated rumors and conjecture as alleged by Defendants, they are based on eyewitness interviews. Plaintiff intends to depose Mr. John Connelly and his deterred witness to place these facts into the record.

16

Plaintiff contends that it is alleged that Defendants jury verdict may have been the result of witness tampering by Defendant City of Vallejo employees and thereby material and demonstrative of the results of the years of ratified bad acts.

As such, this allegation contained in paragraph 28(f) should remain, so these facts can be litigated and exposed as part of this ongoing pattern of bad behavior.

### iii.) PLAINTIFF AGREES TO STRIKE PARAGRAPH 28 (u)

Defendants seek to strike paragraph 28(u) referencing Vallejo City Manager Greg Nyhoff's controversial public statements. Defendants allege that Nyhoff is not a decision maker within the context of *Monell* and therefore his statement are not material or pertinent to this matter.

In 2019, Mr. Nyhoff made public statements, wherein he implied that he was the final decision maker with regard to the police department, saying 'the buck stops here' and later made disturbing public comments claiming that the Vallejo Police Department does not have a use of force problem.

The CITY has since clarified that Mr. Nyhoff possesses no final decision-making power and that the final decision making belongs solely to the Chief of Police. After clarifying that Mr. Nyhoff has no final decision-making power, Plaintiff agrees to strike paragraph 28(u).

### B. PLAINTIFFS ACKNOWLEDGE THE INSUFFICIENCY OF THEIR PLEADING REGARDING THE CAPACITY OF DEFENDANT BIDOU

Defendants raised the issue that Defendants Bidou was erroneously identified in his official capacity. Plaintiff acknowledges that she improperly listed Defendant Bidou in his official capacity, as opposed to his rightful individual capacity. Since Defendants claim no prejudice from this error, Plaintiff requests leave to amend her Complaint to list Defendants Bidou only in his individual capacities.

## C. COURT SHOULD PERMIT PLAINTIFF TO CURE ANY DEFICIENCIES IN THEIR COMPLAINT

Should the Court determine that the Complaint is defective, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and alterations omitted). Defendants make no claim of prejudice in their Motion. Given the wealth of information pled concerning the City's pattern and practice of permitting its Officers to remain inadequately trained and supervised so that its Officers engage in the rampant use of excessive force, Plaintiff should be granted leave to cure any defects concerning her *Monell* cause of action.

## D. CONCLUSION

Plaintiff pled several paragraphs of specific, detailed factual allegations that the City engages in a custom, policy or practice of excessive force, that it refuses to adequately train its officers in how to properly use force and/or discipline its officers who engage in constitutionally violative conduct. Plaintiff further contends the City thereafter ratifies such misconduct. In addition, Plaintiff's complaint also cites multiple court cases involving allegations of the use of unlawful and excessive force similar to those presented here. Plaintiff's *Monell* allegation are both pertinent and material to their showing of ongoing lack of supervision, lack of discipline, and lack of retraining which ratifies the wrongful conduct of City police officers. Moreover, Defendants make no claim of prejudice which would result from the Dismissal of their Motion. For the reasons illustrated above, Plaintiff prays the court deny Defendants' Motion to Dismiss and/or Strike portions of Plaintiff's *Monell* claim and respectfully requests leave to amend their Complaint to identify Defendant Bidou in his individual capacity.

Respectfully submitted,

**LAW OFFFICES OF JOHN L. BURRIS**

Date: April 2, 2020                /S/ *Adante D. Pointer*
ADANTE D. POINTER
MELISSA C. NOLD
COUNSEL FOR PLAINTIFF