RANDY J. RISNER
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

JOHN R. WHITEFLEET, SBN 213301
**PORTER | SCOTT**
350 University Ave., Suite 200
Sacramento, CA
Tel: (916) 929-1481
Fax: (916) 927-3706
Email: jwhitfleet@porterscott.com

Attorneys for Defendant CITY OF VALLEJO, ANDREW BIDOU

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DEYANA JENKINS, an individual | CASE NO.: 2:19-cv-01896-TLN-DB |
| Plaintiff, | **REPLY TO OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally, | Date: April 16, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2. 15th Floor |
| Defendants. | |

Defendants CITY OF VALLEJO and ANDREW BIDOU hereby submit the following Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss/Strike.

//

///

I. INTRODUCTION

It is well settled that in the context of the Fourth Amendment analysis, "[t]here is no formula for the determination of reasonableness. Each case is to be decided on its own facts and circumstances." *Go-Bart Importing Co. v. United States*, 282 US 344 (1931). This maxim is oft repeated: "The test of reasonableness cannot be fixed by per se rules; each case must be decided on its own facts." *S. Dakota v. Opperman*, 428 U.S. 364, 373 (1976), quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 509-510 (1971) (concurring and dissenting).

Plaintiff would have this court ignore that long-standing maxim, by attempting to incorporate every type of use of force under the umbrella of "excessive force" in an effort to broaden her Monell claim. This court should reject such an approach: for example, shooting cases have no apparent factual relation to a traffic stop and alleged use of taser. Each use of force arises in its own context. Accordingly, Defendants submit that this court should strike the clearly irrelevant prior or ongoing lawsuit, many of which were filed by Plaintiff's own counsel in an obvious self-serving circular argument.[1]

Otherwise, Plaintiff concedes the official capacity claim against Chief BIDOU should be dismissed, and ignores and therefore concedes the injunctive relief request is improperly asserted.

II. ARGUMENT

A. **Plaintiff lacks Article III standing to seek injunctive relief against the City**

Defendant moved to strike or dismiss Plaintiff's prayer for relief for "injunctive relief, up to an including appointing a federal monitor to supervise the CITY OF VALLEJO" for lack of Article III standing. Plaintiff does not address this argument, and therefore concedes she does not state facts establishing a likelihood of any irreparable injury in the future to justify any form of injunctive relief. Accordingly, this request for relief should be either stricken or dismissed.

///

///

---

[1] Allegation are just that: allegations. Plaintiff fails to cite any findings.

{02189691.DOCX}

2

REPLY TO OPPOSITION TO MOTION TO DISMISS

**B.   Paragraphs 28(a), (b), (c), (d), (f), (j), (o) and (u) should be stricken from the Complaint pursuant to FRCP 12(f)**

Defendant seeks to strike these paragraphs as essentially immaterial to the Monell claim. In opposition, Plaintiff generally argues the facts need not be directly on point, or points to 12(b)(6) standards. This ignores that Defendant seeks to strike these paragraphs under 12(f), and ignores the need for the cases to be sufficiently similar on their facts, so that the case is being decided on its own facts.

Defendants submit a closer look at each alleged case as compared to the allegations in this case reveal the clear immateriality of each of the paragraphs.

**1.   Paragraph 28(a):**

The FAC at Paragraph 28(a):  These allegations refer to *Estate of Anton Pat Barrett, et al. v. City of Vallejo, et al.* USDC EDCA Case No. 2:13-cv-00846, filed by counsel for Plaintiff, in which was alleged VPD Officer Sean Kenney (who is not alleged to be the involved officer in this case), shot and killed Anton Barrett in May 2012.

Review of the docket in that case shows a complicated factual scenario. Anton P. Barett, who was apparently intoxicated, led officers on a high speed vehicle pursuit through Vallejo city streets at midnight without the lights on, running a stop light and several stop signs, hitting a curb, blowing tires, and traveling at times on the wrong side of the street during the pursuit. After coming to a dead end, Barrett continued to flee on foot, and refused to comply with repeated commands from the officers to stop. Barrett then charged towards Officer Kenney, quickly put his right hand in his jacket pocket and began to pull out an object that appeared to be a weapon, when the officer fired. (See ECF No. 37, Case No. 2:13-cv-00846).[2] The matter settled without any finding of unconstitutionality, nor any admission of wrongdoing. (See docket, Case No. 2:13-cv-00846)

Clearly, that factual scenario of the Barrett case is entirely different from the allegations in this case, which essentially involve a traffic stop, an alleged forced extraction from the vehicle and use of a taser. Accordingly, the Barrett case is not sufficiently factually similar to this case and thus should be stricken.

---

[2] Defendants request the court take judicial notice of the facts as set forth in the motion, not for the truth of the matters, but in order to compare them to the factual scenario alleged here.

{02189691.DOCX}

3

### 2. Paragraph 28(b)

Paragraph 28(b) of the FAC involve an alleged shooting of Mario Romero in 2012. What Plaintiff conveniently omits[3] is that Romero was on felony probation on weapons charges, sitting in a parked vehicle at 4:30 am in a high crime area, when approached by officers to merely inquire of their circumstances in the midst of a local burglary investigation. Romero, who was found to have methamphetamine in his system, was fired upon and killed after he raised what appeared to be a weapon at the officers, later finding out it was a Beretta Airsoft pistol. Thus, contrary to the allegation, Romero was 'armed.'

As with the other case, that factual scenario of the Romero matter is entirely different from the allegations in this case, and thus not sufficiently factually similar to this case and thus should be stricken.

### 3. Paragraph 28(c)

In this paragraph, Plaintiff generally alleges in 2012 that Jeremiah Moore was shot and killed, and then includes clearly extraneous and irrelevant matters about Officer Kenney (again not involved in this case) not related to any claim or issue in this case. Plaintiff is referencing *Lisa Moore et al v. City of Vallejo et al*, USDC EDCA Case No. 2:14-cv-00656-JAM-KJN. In adjudicating a motion to dismiss, the court summarized the allegations, of which Defendant requests judicial notice, as follows:

> According to the FAC, on or about October 21, 2012, at approximately 1:30 a.m., Vallejo Police Department officers (collectively "the officers"), including Officer Kenney, fatally shot Decedent Jeremiah Eugene Moore ("Decedent") at his home. Before they arrived, the officers were informed that Decedent was suffering from developmental disabilities including an Autism Spectrum Disorder, mental illness, and/or emotional disturbance. Upon arrival, the officers found Decedent walking naked in front of his home without a weapon and posing "no significant or immediate threat" to the officers. The officers commanded Decedent to get on the ground, and when he did not the officers, including Officer Kenney, shot Decedent multiple times. Plaintiffs allege that the officers falsely reported that Decedent was threatening them with a gun inside his home when the officers shot him

(ECF No. 27, p. 2:5-19, Case No. 2:14-cv-00656-JAM-KJN). As with the other case, that factual scenario of the Romero matter is entirely different from the allegations in this case, and thus not sufficiently factually similar to this case and thus should be stricken.

---

[3] See https://www.timesheraldonline.com/2013/06/12/solano-district-attorney-vallejo-police-shooting-of-mario-romero-self-defense/

{02189691.DOCX}

4.     **Paragraph 28(d)**

Plaintiff cites to another shooting in August 2012, but of a minor after a pursuit. The case is Huey, et al. v. City of Vallejo, et al, USDC EDCA Case No. 13-00916, which actually allegedly involved Vallejo police officers chasing a truck believed to be the getaway vehicle from an alleged armed robbery of a convenience store located in Vallejo, when the minor fled the vehicle, threw something to the ground and was later shot and killed as officers were attempting to apprehend him in someone's back yard. See ECF no. 21, USDC EDCA Case No. 13-00916.

As with the other shooting cases, the Huey factual scenario is entirely different from the allegations in this case, and thus not sufficiently factually similar to this case. The motion should therefore be granted.

5.     **Paragraph 28(f)**

Plaintiff is actually relying on *Connelly v. Phillips*, USDC EDCA Case No. 16-cv-1604, which actually resulted in a defense verdict and a judgment. See ECF No. 63 and 64. Plaintiffs' claim of witness intimidation is unfounded. Indeed, in adjudicating costs, the Court noted: "Although Plaintiff's case turned upon the jury's credibility determination, that credibility determination was undoubtedly influenced by the fact that Plaintiff's witnesses presented a different version of the Case. Plaintiff knew, or should have known, of this inconsistency at the close of discovery. He knew, or should have known, that these discrepancies would undermine his credibility. Yet, he proceeded to trial anyway." (2:16-cv-01604-JAM-EFB, ECF No. 73, pp. 9-10)[4]. There is no mention of missing witnesses or intimidation.

6.     **Paragraph 28(j)**

Plaintiff relies in this paragraph on litigation filed by her own counsel and currently pending, Evans et al v. City of Vallejo et al, USDC EDCA Case No 2:17-cv-01619-TLN-AC, arising from the January 23, 2017 shooting death of Angel Ramos. The included allegations that officers perceived him stabbing a third party is sufficient to render these facts so dissimilar than this case to warrant striking the paragraph, in addition to the wholly immaterial 'public outcry' aspect of the paragraph.

///

///

---

[4] Defendant again seeks judicial notice of the ruling.

{02189691.DOCX}                                    5

REPLY TO OPPOSITION TO MOTION TO DISMISS

**7.     Paragraph 28(o)**

Plaintiff cites to ongoing litigation in the shooting death of Ronell Foster on February 13, 2018, filed by counsel for Plaintiff, *I.F. et al v. City of Vallejo et al*, USDC EDCA Case No. 2:18-cv-00673-JAM-CKD as against VPD Officer McMahon. The included allegations that Foster was shot in the back while attempting to flee is sufficient to render these facts so dissimilar than this case to warrant striking the paragraph, in addition to the wholly immaterial 'public outcry' aspect of the paragraph.

**8.     Paragraph 28(u)**

Plaintiff concedes this paragraph should be stricken. (Opposition, p.17:19)

### III. CONCLUSION

The CITY's motion to strike should be sustained pursuant to FRCP Rule 12(f) as Plaintiff's Complaint cites to matters which are redundant, immaterial, impertinent, and scandalous. In addition, Plaintiff lacks Article III standing to seek injunctive relief against the City, and therefore this allegation should be either stricken, or dismissed pursuant to motion to FRCP Rule 12(b)(6). BIDOU should also be dismissed pursuant to FRCP Rule 12(b)(6) outright as his being named as a defendant in his official capacity is duplicative and unnecessary given that the CITY was named already as a party. For the foregoing reasons, these motions should be granted.

Dated: April 7, 2020                        Respectfully submitted,

                                            PORTER SCOTT
                                            A PROFESSIONAL CORPORATION


                                            By /s/ John R. Whitefleet
                                                John R. Whitefleet
                                                Attorney for Defendants CITY OF VALLEJO,
                                                ANDREW BIDOU