UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO and ANDREW BIDOU,<br><br>        Defendants, | No. 2:19-cv-01896-TLN-DB<br><br>**ORDER** |

     This matter is before the Court on two motions: (1) Defendants City of Vallejo and Andrew Bidou ("Defendants") Motion to Dismiss, Motion to Strike (ECF No. 11); and (2) Plaintiff Deyana Jenkins's ("Plaintiff") Motion for Leave to Amend. (ECF No. 25.) Both parties filed oppositions and replies. (ECF Nos. 13, 15, 27, 28.) For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion and DENIES Defendants' motion as moot.

///

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of Plaintiff's arrest by Vallejo police officers on April 15, 2019, during which she alleges the officers used excessive force in violation of the United States Constitution and California law.  (*See* ECF No. 1.)  Plaintiff filed this action on September 18, 2019, alleging violations of the Fourth Amendment, California Civil Code § 52.1, and multiple common law torts.  (ECF No. 1 at 16–20.)  The Court issued its Initial Pretrial Scheduling Order on September 19, 2019, requiring all amendments to the complaint within sixty days of service.  (ECF No. 3 at 2.)  Defendants were served on October 9, 2019.  (ECF No. 5.)  Defendants filed their motion to dismiss on February 21, 2020.  (ECF No. 11.)  Plaintiff filed her motion to amend on August 20, 2021.  (ECF No. 25.)

**II.    STANDARD OF LAW**

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint.  *Id.*  If the moving party was not diligent, then good cause cannot be shown and the inquiry should end.  *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under 15(a).  *Johnson*, 975 F.2d at 610.  Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  However, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Lopez v.*

*Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Courts consider the following factors to determine whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing amendment; and (5) futility of amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Of these, "the consideration of prejudice to the opposing party . . . carries the most weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  The party opposing leave to amend bears the burden of showing prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, . . . there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  However, the denial of leave to amend on this ground is rare.  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*

### III.  ANALYSIS

Plaintiff seeks to amend her Complaint to name two of the officers who arrested her on April 15, 2019.  (ECF No. 25 at 4.)  Plaintiff argues good cause exists because Defendants (1) did not produce police reports identifying the arresting officers until February 24, 2021; (2) did not produce additional requested documents "that would allow Plaintiff to evaluate the extent of liability the involved officers had"; and (3) did not respond to Plaintiff's July 1, 2021 request to stipulate to an amendment until August 10, 2021.  (ECF No. 25 at 3–4.)  In opposition, Defendants argue (1) Plaintiff misrepresents the extent of the changes in her Proposed First Amended Complaint ("PFAC"), filed as an exhibit to her motion; (2) Plaintiff has failed to demonstrate good cause to amend or compliance with Rule 15(c); and (3) amendment would prejudice Defendants.  (ECF No. 27 at 3–7.)  In reply, Plaintiff argues she has demonstrated good

Case 2:19-cv-01896-TLN-DB   Document 34   Filed 01/11/22   Page 4 of 6

cause, need not comply with Rule 15(c), and Defendants are not prejudiced by amendment.  (ECF No. 28 at 3–8.)

      A.     <u>Rule 16</u>

As Defendants note, the deadline for amendment set out in the Initial Pretrial Scheduling Order was December 9, 2019.  (ECF No. 3 at 2; ECF No. 27 at 2.)  Defendants admit they did not provide the reports requested by Plaintiff which identified the arresting officers until two and a half months after the deadline for amendment expired.  (ECF No. 27 at 2.)  Therefore, Plaintiff had no way of amending within the deadline set by the Court.

Plaintiff explains the delay between February 24, 2019 — when Defendants produced the police reports — and the email to Defendants' counsel requesting to stipulate to an amended complaint on July 1, 2019, by contending Defendants had not produced documents that would allow Plaintiff's counsel to flesh out the liability of each officer named in the reports.  (ECF No. 28 at 3.)  This explanation fails to explain why, after months of being unable to discern the level of liability of each officer in the police reports, Plaintiff's counsel was suddenly able to do so without any additional information produced by Defendants.  Regardless, Plaintiff has shown good cause why the scheduling order deadline of December 9, 2019, should be modified and the additional delay, as discussed below, does not prejudice Defendants.

*Johnson*, on which Defendants rely, is easily distinguishable.  (*See* ECF No. 27 at 4.)  There, the plaintiff's counsel ignored multiple attempts by defense counsel — *within the amendment deadline* — to explain they were the wrong party to sue.  975 F.2d at 607.  Only after defense counsel informed plaintiff's counsel they would be moving for summary judgment did the plaintiff move to amend.  *Id.*  The Ninth Circuit held the plaintiff's complete disregard for the discovery responses and letters by defense counsel did not constitute good cause.  "The burden was on Johnson to prosecute his case properly.  He cannot blame [defendants] for his failure to do so.  The simple fact is that his attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received."  *Id.* at 610.  Here, on the other hand, Defendants did not provide Plaintiff with the names of the arresting officers until *well after* the expiration of the amendment deadline and the case is still in its initial stages.  Therefore, Plaintiff has shown good

4

cause to alter the Initial Pretrial Scheduling Order.

B.  Rule 15

Of the five *Foman* factors, Defendant contends amendment should be denied because of undue delay and prejudice. (ECF No. 6–7.)[1] The federal rules favor amendment, and the Ninth Circuit applies those rules liberally. *Johnson*, 975 F.2d at 607; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). For the reasons set forth in the previous section, Plaintiff's delay is not undue. Plaintiff's PFAC does not add any causes of action, although it does expand the allegations under California Civil Code § 52.1, misnumbers the claims, and contain numerous typographical mistakes. (*See* ECF No. 25-3.) While these additions may be inconvenient and burdensome to sort through, Defendants have not shown they are prejudicial. The amendment is not a surprise. Defendants were aware Plaintiff intended to name the officers who arrested her because her Complaint states so. (ECF No. 1 at 2 ("Plaintiff will amend this complaint to allege their true names and capacities when ascertained.").) Defendants do not contend they will have to materially alter their defense as a result of the proposed amendments in the PFAC. *See Rose*, 893 F.2d at 1079 (affirming denial of leave to amend where "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). Therefore, Defendants have failed to carry their burden to show they will be prejudiced by amendment and leave to amend is appropriate.

Once Plaintiff files an amended complaint, "the new complaint is the only operative complaint before the . . . [C]ourt." *Askins v. U.S. Dept. of Homeland Security*, 899 F.3d 1035, 1043 (9th Cir. 2018). Accordingly, Defendants' Motion to Dismiss the Complaint (ECF No. 11)

---

[1]  Defendants also contend Plaintiff must satisfy Rule 15(c) in order to amend her Complaint. (ECF No. 27 at 5–6.) However, Defendants do not argue the statute of limitations ran on Plaintiff's claims before she moved to alter the scheduling order. Therefore, it is unclear why Plaintiff's claims against the named officers would need to relate back to the filing date of the original Complaint. Regardless, the first page of Plaintiff's Complaint identifies the suit as one arising from her arrest on April 15, 2019. (ECF No. 1 at 1.) Defendant's contention the arresting officers are not transactionally related to Plaintiff's allegations is wholly without merit. *See* Fed. R. Civ. P. 15(c).

is moot, and the Court does not reach its merits. In a new responsive pleading, Defendants may address the additional allegations in Plaintiff's PFAC.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to Amend (ECF No. 25) and DENIES Defendants' Motion to Dismiss (ECF No. 11) as moot. Plaintiff shall file the amended complaint within fourteen days of the electronic filing date of this Order.

IT IS SO ORDERED.

**DATED: January 10, 2022**

Troy L. Nunley
United States District Judge