**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
LAWYERSFTP.COM
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, an individual, | Case No.: 2:19-cv-01896-TLN-DB |
| Plaintiff, | PLAINTIFF'S FIRST AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his individual capacity as Chief of Police; COLIN EATON, in his individual capacity as Police Officer for the CITY OF VALLEJO; JORDON PATZER, in his individual capacity as Police Officer for the CITY OF VALLEJO and DOES 1-50, inclusive. | |
| Defendants. | |

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## INTRODUCTION

1. This action arises out of the April 15, 2019 incident involving Deyana Jenkins and multiple City of Vallejo Police Officers, wherein Ms. Jenkins was racially profiled, dragged out of her car, tased and unlawfully arrested, after Vallejo Police Officers supposedly mistook a car full of African American teenage girls for a car full of African American men.

2. Ms. Jenkins was arrested and taken to jail for allegedly resisting arrest. Tellingly, the District Attorney declined to file charges against Ms. Jenkins. Tellingly, the District Attorney declined to file charges against Ms. Jenkins. This action seeks to recover damages for the physical and emotional injuries resulting from the violation of Plaintiff's rights under state and federal law.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

4. Plaintiff DEYANA JENKINS is and, at all times herein mentioned, was a resident of California and a natural person.

5. Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD")

6. Defendant ANDREW BIDOU (hereinafter referred to as "CHIEF") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Chief of Police for the CITY OF VALLEJO.

7. Defendant COLIN EATON (hereinafter referred to as "EATON") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Police Officer for the CITY OF VALLEJO.

8. Defendant JORDON PATZER (hereinafter referred to as "PATZER") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Police Officer for the CITY OF VALLEJO.

9. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend their complaint subject to further discovery.

10. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with CITY OF

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

VALLEJO.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY OF VALLEJO.

11. Plaintiff timely filed her government tort claim and the claims was rejected.

## STATEMENT OF FACTS

12. On April 15, 2019, at approximately 11:45 p.m., Plaintiff Deyana Jenkins was driving down Tennessee Street through the intersection of Sonoma Blvd., in Vallejo, when she noticed a Vallejo Police Department patrol car stopping someone at the gas station across the street from a Nations Hamburger restaurant. Ms. Jenkins was traveling with three other African-American young women. Ms. Jenkins stands a petite 5' tall and weighs a mere 110 pounds.

13. As Ms. Jenkins drove past the officers she noticed one of them flash their flashlight or flood light at her car. Ms. Jenkins proceeded to lawfully travel down the road. Before she could make it to Broadway Street, she saw a Vallejo Police Department patrol car approaching her car from behind at a very high rate of speed, causing her to pull over.

14. Defendant Vallejo Police Officers EATON and PATZER approached the car with their guns drawn and told the occupants to put their hands up. All of the terrified occupants immediately complied and inquired about why they were being stopped at gunpoint. With their hands still extended, the passengers began videotaping the incident. One of the officers alleged that someone had placed their hand outside of the window and gestured, which is not a crime in this jurisdiction or state. The occupants requested that the officers put their guns away. The occupants were told that the Officers mistook the four young women for African American men, acknowledging

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

that African American men were the intended target of this racially motivated stop.

15. One of the Defendants approached the driver window and asked for Ms. Jenkins' driver license, with his gun still drawn. Ms. Jenkins began to look for her identification in her purse, but realized that she left her driver license in her other purse. Ms. Jenkins notified the officer that she did not have her driver license on her person and he immediately reached into the car, grabbed her arm, handcuffed her and told her that she was resisting. Ms. Jenkins was not resisting whatsoever; nevertheless, the officer tried to drag Ms. Jenkins out of the car with her seatbelt still on. Ms. Jenkins tried to call her mother, but the officer threw her phone out of reach.

16. Defendant officers violently dragged Ms. Jenkins out of the car and threw her face down on the ground. The officers used their knees and body weight to force her small body into the asphalt, while pulling on both of her arms, despite her full compliance. Ms. Jenkins feared for her life and believed that she was going to be murdered like her uncle Willie McCoy, who was shot and killed in February 2019, by six Vallejo Police Officers, as he began to awaken from unconsciousness.

17. Next, Defendants tased Ms. Jenkins. Defendants then falsely accused her of resisting arrest, despite Ms. Jenkins being fully complaint and completely under the control of two adult men. During the incident, one of the passengers suffered a panic attack. The officers were notified that Ms. Jenkins was Willie McCoy's niece and that the young ladies were afraid for their lives.

18. During the incident, an Officer knocked the phone out of the hand of one of the car's passengers effectively preventing her from videotaping and documenting this police abuse.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

19. Ms. Jenkins was taken into custody and transported to Kaiser Vallejo for medical evaluation. Prior to leaving the scene, Defendant officers told the other passengers of the car that they were not allowed to follow the patrol car to the hospital. Another officer contradicted his peers and told the passengers that they were lawfully allowed to follow Ms. Jenkins to the hospital, despite what the assailants claimed. After Ms. Jenkins completed her medical treatment, multiple officers misdirected the young women, to prevent them from ensuring Ms. Jenkins' safe arrival at the jail.

20. Ms. Jenkins was booked into Solano County Jail, where she was held for several hours after being falsely arrested for resisting arrest. In addition to a fabricated criminal charge, Ms. Jenkins was cited for infractions related to not having her driver license in her possession.

21. The District Attorney rejected this false arrest and declined to pursue charges for this unlawful and egregious incident.

22. Prior to this incident, Ms. Jenkins had never been arrested or accused of any crime. Ms. Jenkins suffered physical and emotional injuiries as a result of Defendants' violent assault, tasing and unlawful arrest.

23. Plaintiff is informed and believes and theron alleges that none of the Defendant Officers were disciplined or retrained as a result of this incident, a pattern prevalent with the CITY OF VALLEJO POLICE DEPARTMENT.

24. Plaintiff is informed and believes and thereon alleges that CITY OF VALLEJO, CHIEF and DOES 26-50, inclusive, breached their duty of care to the public in that they have engaged in a long history of failing to discipline its officers for their respective misconduct and involvement in incidents of misconduct, including the incident

described herein, namely an unprovoked, violent assault, tasing and arrest of a law-abiding taxpayer. Their failure to discipline Defendants, and DOES 1-25 inclusive, and other officers involved in multiple overt incidents of misconduct, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports to cover up the Defendants' and DOES 1-25's inclusive, misconduct.

25. Plaintiff is informed, believes and theron alleges that CHIEF BIDOU failed to investigate plaintiff's allegation, nor discipline or retrain the Defendant Officers as a result of this incident.

26. Plaintiff is informed, believes and thereon alleges that members of the CITY OF VALLEJO Police Department, including, but not limited to Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Plaintiff.

27. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of VALLEJO, the CITY has allowed persons to be abused by its Police Officer including Defendants and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

28. Plaintiff is informed, believes and therein alleges that City of Vallejo Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. Vallejo Police Department failure to discipline or retrain Defendant Officers is evidence

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the Vallejo Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiff is informed, believe and therin allege that the following instances are examples of the City of Vallejo's pattern and practice of condoning misconduct by failure to discipline:

(a) In May 2012, Mr. Anton Barrett, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of shooting an unarmed man. The City of Vallejo settled this case. (See 2:13-cv-00846)

(b) In 2012, Mr. Mario Romero, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident. The City of Vallejo settled this case.

(c) In 2012, Mr. Jeremiah Moore, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident.  After having killed three men in five months, Officer Sean Kenney left the department voluntarily, but was then inexplicably rehired as a Homicide Detective, despite public outcry.

(d) In August 2012, minor Jared Huey was shot and killed by Vallejo Police Department, after a pursuit. Mr. Huey was shot while unarmed with his hands up. Upon information and belief, none of the defendants involved in this case were disciplined or retrained. This case settled. (See 2:13-cv-00916)

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

(e)  In August 2015, Mr. Jimmy Brooks was having a mental health crisis when Vallejo Police Department Officers Spencer Munoz-Bottomly, Matthew Samida, Zach Jacobsen, James Duncan, Officer Hicks, Jesse Irwin and Ted Postolaki responded. Instead of providing mental health services, officers ended up breaking Mr. Brooks' ankle and fibula. No officers were disciplined or retrained as a result of this incident. This case settled. (See 2:16-cv-02376).

(f)  In January 2015, Mr. Jon Connelly was violently attacked by Vallejo Police Officer Bradley Phillips. During the incident, Officer Phillips threw Mr. Connelly to the ground and smashed his hand/wrist into the concrete with his boot, causing broken bones. In addition, Mr. Connelly suffered a torn rotator cuff and other injuries. Federal litigation ensued. On information and belief, Plaintiff alleges that prior to the federal trial commencing in this matter, Vallejo Police Officers threatened one of Mr. Connelly's trial witnesses, which resulted in a defense verdict due to Mr. Connelly's witness being too intimidated to come to court. Mr. Connelly has experienced a pattern of harassment ever since speaking out about this incident. The involved officers were never discplined or retrained for the underlying incident nor the witness tampering. (See 2:16-cv-1604)

(g)  In June 2015, Jason Anderson was pulled over by Vallejo Police Officers Herndon, Melville, and Coelho. Officers inexplicably tased Mr. Anderson several times and punched him multiple times. During the incident, Officers were caught on audio concocting a story to conceal their violations. No

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

officers were disciplined or retrained as a result of this incident. Litigation is ongoing. (See 2:17-cv-00137)

(h) In December 2015, Mr. Joseph Ledesma was brutally attacked by Vallejo Police Officers Robert Demarco and Amanda Blain on his own front lawn, without provocation. Mr. Ledemsa suffered multiple fractures in both arms due to dozens of Officer Demarco's vicious metal baton strikes. Officer Blain tased Mr. Ledesma multiple times and threatened to do the same to his wife. Mr. Ledesma was struck so many times the metal baton bent and had to be disgarded. In his official police report, Officer Demarco claimed to strike Mr. Ledesma only ONE TIME, despite the photographic evidence of numerous baton strikes on Mr. Ledesma's arms. The officers did not use their body worn cameras until after they ceased using force. No one was disciplined or retrained as a result of this incident. During federal litigation related to this matter, Defendant Demarco provided a patently different statement under oath than the one he provided in his police report. He later recanted his new statement and adopted the statements made in his police report.  Federal Judge Morrison England issued an Order confirming the City's supervisory failure and failure to discipline the involved officers' overt policy violations. This case settled in August 2019. (See 2:17-cv-0010)

(i) In April 2016, Mr. Derrick Shields was attacked by multiple Vallejo Police Officers while lying face down on the ground. Officers kicked, punched, and struck him with a baton and flashlight. Mr. Shields was knocked unconscious and suffered a broken jaw and broken teeth as a result of this incident. Upon

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel.: (510) 929 - 5400

1    information and belief, none of the officers involved in this incident were

2    retrained or disciplined. (See 2:16-cv-02399)

3    (j)   On January 23, 2017, Decedent Angel Ramos was shot to death by Vallejo

4          Police Officer Zachary Jacobsen. The City of Vallejo Police Department

5          issued a press release in response to this incident wherein they claimed Angel

6          Ramos was shot because he was in the midst of trying to stab a child. This

7          public release of knowingly inaccurate information was calculated to mislead

8          the public and villify the decedent, in order to dissuade public outcry and

9          conceal unlawful practices. Witness testimony and physical evidence belies

10         the department's public claims and shows that Angel Ramos was shot while

11         unarmed and engaged in a fist fight. Officer Jacobsen shot Angel Ramos

12         from a place of obvious tactical disadvantage and did not activate his lapel

13         camera, in violation of training and department policy. Officer Jacobsen was

14         not disciplined or retrained as a result of this incident. This case is ongoing.

15         (See 2:17-cv-01619)

16

17   (k)   In Feburary 2017, Mr. Michael Kennedy was lawfully videotaping an

18         incident involving Vallejo Police Officers. The Officers demanded that Mr.

19         Kennedy stop videotaping and arrested him in violation of his First

20         Amendment rights. Upon information and belief, officers were not

21         disciplined or retrained as a result of this incident. A claim has been filed and

22         litigation is currently stayed.

23

24   (l)   In March 2017, Mr. Nickolas Pitts was taking out his garbage when he was

25         accosted by Vallejo Police Officers DAVID McLaughlin and Officer

26

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Kimodo. Mr. Pitts was commiting no crime or infraction. Mr. Pitts was violently thrown into a light pole and had his dreadlocks ripped from his head. Officers falsely claimed to onlookers that Mr. Pitts was on parole, despite Mr. Pitts having no criminal record whatsoever. Mr. Pitts was falsely arrested for resisting arrest. Officers did not activate their body worn cameras until after handcuffing Mr. Pitts. All charges were dismissed against Mr. Pitts. No officers were disciplined or retrained as a result of this incident. This case settled in 2018. (See 2:17-cv-00988)

(m) In March 2017, Mr. Dejuan Hall was viciously beaten by Vallejo Police Officers while suffering a known mental health episode. Instead of providing assistance, Vallejo PD Officer Spence Munoz-Bottomly punched Mr. Hall in the face multiple times and beat him with a flashlight. This incident was captured on video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. The City of Vallejo settled this case in June 2019.

(n) In July 2017, Mr. Carl Edwards was attacked by Vallejo Police Officers Spencer Muniz-Bottomley, Mark Thompson, Bretton Wagoner and Sgt. Steve Darden while fixing a fence. During this vicious beating, Mr. Edwards suffered head trauma, a broken nose, a black eye, cuts to his face, arms, back, hands, head, and he required stitches over his right brow. This incident was captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. It should be noted that Sgt. Steve Darden has a number of unwarranted violent incidents with the

public captured on video, including an incident where he attacked a crime victim. Nevertheless, he remains part of the commmand staff. Litigation in this case is ongoing.

(o) On February 13, 2018, Decedent Ronell Foster was shot to death by Defendant DAVID McMahon, after being stopped for not having a headlight on his bicycle. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Mr. Foster raised a flashlight in his hand in a menacing fashion, prompting Officer McMahon to fear for his life and open fire. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal unlawful practices. Video evidence of the incident belies the department's public claims and shows Mr. Foster being shot in the back while attempting to flee from Officer McMahon, who had struck Mr. Foster in the head with a flashlight. Officer McMahon did not activate his body worn camera until after Mr. Foster was shot and killed. Officer McMahon was never disciplined or retrained after shooting an unarmed man in the back. This case is currently being litigated. (See 18-cv-00673 JAM-CKD);

(p) In April 2018, Ms. Sherry Graff was at her home when Vallejo Police Officer Murphy arrived in response to a welfare check. Officer Murphy lured Ms. Graff out of her house for the purpose of arresting her. In the course of bringing her into custody, Officer Murphy threw her down the stairs and abused her so violently that he left fingerprint bruises on her breasts. Ms.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Graff required mutiple staples to repair the lacerations to her head. This

incident was captured on lapel camera video. No one was disciplined or

retrained as a result of this incident. This case is currently being litigated.

(See 2:18-cv-02848-KJM-CKD);

(q) In August 2018, Angel Bagos was attacked by Vallejo Police Department in

front of a restaurant. Without cause, Mr. Bagos was knocked down, hog tied

and severely beaten with a flashlight. Mr. Bagos was arrested but all charges

were dropped. This incident was caputed on video. Upon information and

belief, none of the officers involved in this incident were disciplined or

retrained. A claim has been filed in this matter and litigation is forthcoming.

(r) In October 2018, Delon Thurston was racially profiled and stopped by

Vallejo Police Officer Kevin Barreto, without cause. The officers claimed

Ms. Thurston had stolen her own car; which had not been reported stolen.

The officers dragged Ms. Thurston out of her car which was parked in her

own driveway and arrested. While being searched subject to arrest, the

officer penetrated Ms. Thurston's vagina through her clothing. Ms. Thurston

was arrested and taken to jail.  The District Attorney did not charge Ms.

Thurston with a crime. Ms. Thurston had never been arrested prior to this

incident. No one was disciplined or retrained as a result of this incident. A

claim was filed with the City of Vallejo and litigation is forthcoming;

(s) In March 2019, Carlos Yescas was stopped by a Vallejo Police Department

Lieutenant Nichelini for a minor traffic offense. The Lieutenant was in plain

clothes and driving an unmarked car not suitable for transport. Lt. Nichelini

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

failed to identify himself as a police officer and falsely accused Mr. Yescas

of resisiting, because he was still wearing his seatbelt. Lt. Nichelini tried to

drag Mr. Yescas out of the car although the young man was still wearing his

seatbelt. The Lieutenant threw Mr. Yescas on the ground and then kneeled on

his back prompting Mr. Yescas to plead with the Lieutenant that he was

unable to breath. Mr. Yescas was arrested. This incident was captured on

video by Mr. Yescas' 10-year-old brother. Upon information and belief, Lt.

Nicholini was not disciplined or retrained as a result of this incident. A claim

for this incident has been filed.

(t)   On April 15, 2019, Deyana Jenkins and several young women were stopped

by multiple Vallejo Police Officers without cause. Ms. Jenkins is the niece of

Decedent Willie McCoy. The young women were held at gunpoint without

cause. Ms. Jenkins was compliant; nevertheless, a yet-to-identified Officer

dragged her out of the car, threw her on the ground and tased her.  Ms.

Jenkins was arrested and taken to jail. The District Attorney refused to

charge Ms. Jenkins with any crime related to this unlawful incident. Prior to

this incident, Ms. Jenkins had never been arrested in her entire life. The

incident was captured on bystander cellphone video. Upon information and

belief, no officers were disciplined or retrained as a result of this incident. A

claim has been filed and litigation is forthcoming.

(u)   On June 25, 2019, Vallejo City Manager Greg Nyhoff spoke at a regularly

scheduled City Council meeting.  Shockingly, Mr. Nyhoff publicly ratified

the department's infamous history of violence and contravened the countless

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

civil claims, civil complaints, videos, photos and testimonials from the community reporting unwarranted violence, abuse, false arrest, racial profiling and intimidation by denying that there is an excessive force problem with Vallejo Police Officers. The City Manager stated that in his "opinion, those just don't seem like there's excessive use of force or a lot of use of force in our community," Nyhoff said. "There are people who resist," Nyhoff said. "There are people with mental illness who you just have to use force, sometimes for their own health or well being." Mr. Nyhoff's statements clearly seek to publicly ratify, encourage and condone the Vallejo Police Department's well documented pattern and practice of gratuitous violence and unconstitutional policing. Mr. Nyhoff's statements regarding force being used on mentally ill individuals is in contrast to P.O.S.T. training, Vallejo Police Department policy, state and federal law and seeks to excuse unlawful behavior.

29. Plaintiff is informed, believes and therein alleges that CITY OF VALLEJO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

30. Plaintiff was physically and emotionally injured and damaged as a proximate result of this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law, including Cal.

Civil Code §§ 52 et seq., 52.1.

31. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988 & Cal. Civil Code §§ 52 et seq., 52.1.

## **FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(EXCESSIVE FORCE - 42 U.S.C. §1983)**

**(Plaintiff Against EATON, PATZER and DOES 1-25 inclusive)**

32. Plaintiff re-alleges and incorporates by reference EACH AND EVERY paragraph of this Complaint.

33. Defendants' above-described conduct violated Plaintiff's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against her.

34. Plaintiff was forced to endure conscious pain and suffering because of Defendants' unconstitutional conduct

35. Defendants acted under color of law and without lawful justification thereby depriving Plaintiff of her right to be free from unreasonable searches and seizures; and by seizing and physically attacking Plaintiff without lawful justification thereby subjecting Plaintiff to excessive force and depriving her of the right to be free from unreasonable searches and seizures. The rights violated by Defendants include, but are not limited to:

a. The right to be free from EXCESSIVE FORCE, as guaranteed by the Fourth Amendment to the United States Constitution;

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

### (Plaintiff Against CITY, CHIEF and DOES 26-50)

36. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs EACH AND EVERY of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF VALLEJO officials, including high-ranking police supervisor CHIEF Andrew Bidou and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by Vallejo Police Department.

38. Despite having such notice, Plaintiff is informed and believes and thereon alleges that CITY OF VALLEJO & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department employees by failure to discipline and retrain officers who acted unlawfully and outside of department policy, which brought about Defendants and DOES 1-25 unlawfully attack on Plaintiff.

39. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and DOES 1-25 and/or each of them, ratified and encouraged these Officers to continue their course of misconduct.

40. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

notice of the Constitutional defects in their training of Vallejo Police Officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

41. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking Vallejo Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from excessive force by Officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Negligence)**

**(Plaintiff Against EATON, PATZER, CITY and DOES 1-25 inclusive)**

42. Plaintiff hereby re-alleges and incorporates by reference EACH AND EVERY paragraph of this Complaint.

43. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

44. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

45. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.   to unreasonably arrest and/or detain without reasonable suspicion and/or probable cause

    b.   to refrain from using excessive and/or unreasonable force against Plaintiff;

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

c.  to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

d.  to refrain from abusing their authority granted them by law;

e.  to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

46. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

47. Defendant CITY OF VALLEJO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

48. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Violation of CALIFORNIA CIVIL CODE §52.1 – BANE ACT)**

(Plaintiff Against EATON, PATZER, CITY and DOES 1-25)

49. Plaintiff re-alleges and incorporates by reference paragraphs EACH and EVERY paragraph of this Complaint.

50. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

a.  Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

b.  Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

51. Excessive force, which violates the Fourth Amendment, also violates the Bane Act.  Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

52. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.  All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

53. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

c.  Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

d.  Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

e.   Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;

f.   Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

g.   Using excessive, unreasonable and unjustified force against Plaintiff while they attempted to comply with the officers;

h.   Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

i.   Violating multiple rights of Plaintiff;

54. Arresting Plaintiff for no reason.

55. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

56. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

**(**Plaintiff against EATON, PATZER, CITY and DOES 1-25**)**

57. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of

this Complaint.

58. Defendants, while working as an employee for the Defendant CITY OF VALLEJO police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

59. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

60. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Assault)

**(Plaintiff against EATON, PATZER, CITY and DOES 1-25)**

61. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

62. Defendants, while working as an employee for the Defendant CITY OF VALLEJO police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

63. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

64. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

65. Plaintiff hereby demands a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For injunctive relief, up to and including assigning a federal monitor to supervise the CITY OF VALLEJO;

2.   For general damages in a sum to be determined at trial;

3.   For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4.   For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants Eaton, Patzer, Bidou, and DOES 1 through 25 and/or each of them;

5.   Any and all permissible statutory damages;

6.   For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law

7.   For cost of suit herein incurred.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Date: January 11, 2022                          Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFF

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400