UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his individual capacity as Chief of Police for the CITY OF VALLEJO; COLIN EATON, in his individual capacity as Police Officer for the CITY OF VALLEJO; JORDON PATZER, in his individual capacity as Police Officer for the CITY OF VALLEJO, and DOES 1-50, inclusive.<br><br>　　　　　Defendants. | No. 2:19-cv-01896-TLN-DB<br><br><br>**ORDER** |

　　　　This matter is before the Court on Defendants City of Vallejo ("City"), Andrew Bidou ("Bidou"), Colin Eaton ("Eaton"), and Jordon Patzer's ("Patzer") (collectively, "Defendants") Motion to Dismiss/Strike. (ECF No. 38.) Plaintiff Deyana Jenkins ("Plaintiff") filed an opposition. (ECF No. 40.) Defendants filed a reply. (ECF No. 42.) For the reasons set forth below, the Court hereby DENIES in part and GRANTS in part Defendants' motion.

///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's arrest on April 15, 2019. (ECF No. 35 at 2.) Plaintiff alleges she was racially profiled, dragged out of her car, tased, and unlawfully arrested. (*Id.*) Plaintiff filed the operative First Amended Complaint ("FAC") on January 11, 2022, alleging: (1) a 42 U.S.C. § 1983 ("§ 1983") claim for excessive force in violation of the Fourth Amendment against Eaton and Patzer, the arresting officers; (2) a *Monell* claim against the City and Chief of Police Bidou; (3) a negligence claim against Eaton, Patzer, and the City; (4) a Bane Act claim against Eaton, Patzer, and the City; (5) a battery claim against Eaton, Patzer, and the City; and (6) an assault claim against Eaton, Patzer, and the City. (ECF No. 35 at 17–23.) Defendants filed the instant motion to dismiss/strike on January 24, 2022. (ECF No. 38.)

### II.  STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

2

factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted). If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).

### III. ANALYSIS

Defendants move to dismiss Claims Two, Three, Four, and Six. (ECF No. 38.) The Court will address Defendants' arguments in turn.

1              A.      Claim Two Against the City

2        Defendants move to dismiss Claim Two as to the City, arguing Plaintiff fails to allege

3 facts sufficient to show *Monell* liability.  (ECF No. 38-1 at 16.)  In opposition, Plaintiff argues she

4 adequately alleges a *Monell* claim against the City because she alleges past incidents of excessive

5 force that establish a pattern of misconduct and ratification by the Vallejo Police Department.

6 (ECF No. 40 at 13–16.)

7        Plaintiff may establish municipal liability for § 1983 violations by showing that a

8 "longstanding practice or custom which constitutes the standard operating procedure of the local

9 government entity" caused the violation.  *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir.

10 2005) (internal quotations omitted).  To sufficiently plead a custom or practice, plaintiffs must

11 show a history of prior similar incidents which are "of sufficient duration, frequency, and

12 consistency that the conduct has become a traditional method of carrying out policy." *Trevino v.*

13 *Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

14        As a preliminary matter, Defendants move to strike paragraph 28(a)–(u) of the FAC as

15 immaterial pursuant to Rule 12(f).  (ECF No. 38-1 at 14–16.)  Paragraph 28(a)–(t) includes

16 allegations about prior incidents of excessive force.[1]  (ECF No. 35 at 7–15.) As will be discussed,

17 the Court finds at least some of the incidents listed in paragraph 28(a)–(t) could support a *Monell*

18 claim.  (ECF No. 35 at ¶ 28(a)–(t).)  As such, the Court DENIES Defendants' motion to strike

19 those subsections.  *See Est. of Manzo v. Cnty. of San Diego*, No. 06CV0060 R, 2006 WL

20 8455277, at *3 (S.D. Cal. Nov. 14, 2006) (denying a motion to strike because it cannot be "said at

21 this stage of the litigation that" allegations of two prior shootings by the sheriff's deputies "have

22 no possible relationship to plaintiffs' *Monell* claim").  Paragraph 28(u) describes a speech given

---

[1]     The Court acknowledges similar allegations have been stricken in other cases in this district.  *See Bagos v. Vallejo*, No. 2:20-CV-00185-KJM-AC, 2020 WL 6043949 (E.D. Cal. Oct. 13, 2020) (striking the allegations that did not involve excessive force because refraining from excessive force requires different training than do deadly force, profiling, sexual assault, and First Amendment violations); *Thurston v. City of Vallejo*, No. 2:19-CV-1902-KJM-CKD, 2021 WL 1839717 (E.D. Cal. May 7, 2021) (striking allegations of prolonged beatings and serious injuries as too dissimilar from a case involving profiling, sexual assault, and being thrown to the ground). However, Defendants do not cite a clear standard or meaningfully differentiate among the allegations in the instant case.  The Court declines to do this analysis for Defendants.

1  by the Vallejo City Manager, in which he stated that it did not "seem like there's excessive use of
2  force . . . in our community." (*Id.* at ¶ 28(u).)  Defendants argue the allegation about the City
3  Manager's statement is "clearly inflammatory and irrelevant" and "Plaintiff acknowledges the
4  VPD Police Chief is the VPD policymaker, not the City Manager." (ECF No. 38-1 at 15.)
5  Although Plaintiff does not respond to Defendants' arguments about paragraph 28(u), the Court
6  cannot say the statement is clearly immaterial.  Moreover, a court in this district has declined to
7  strike similar comments before.  *See Bagos*, WL 6043949, at *6 (finding that the "allegations
8  have the potential to support the pleading of the City's deliberate indifference to constitutional
9  violations by the Police Department").  Thus, the Court DENIES Defendants' motion to strike
10 paragraph 28(u).

11      In moving to dismiss Claim Two against the City, Defendants contend Plaintiff's
12 allegations about prior incidents are too dissimilar to show that a policy or custom of excessive
13 force caused Plaintiff's injury.  (ECF No. 38-1 at 15.)  The Court disagrees.  At the pleading
14 stage, the Court focuses on the similarity between the "factually pertinent" aspects of the prior
15 incidents.  *McCoy v. City of Vallejo*, No. 2:19-cv-01191-JAM-CKD, 2020 WL 374356, at *4
16 (E.D. Cal. Jan. 23, 2020).  For instance, the degree or type of force should be reasonably similar.
17 *Compare id.* (finding sufficient allegations for *Monell* liability because six of the twenty-one
18 incidents in the complaint were officer-involved shootings, as did the plaintiff's alleged incident);
19 *with Raudelunas v. City of Vallejo*, 2022 WL 329200, at *8 (E.D. Cal. Feb. 3, 2022) (granting
20 dismissal of claims relying on twenty-one incidents of excessive force because none of them
21 involved the victim being tased and handcuffed, as the plaintiff had).

22      In the instant case, Plaintiff alleges she was pulled over, found to have been driving
23 without a license, pulled from her car, thrown to the ground, and tased.  (ECF No. 35 at ¶ 13–17.)
24 At least five of the alleged prior incidents involve some combination of people being subjected to
25 traffic stops, dragged from their cars, thrown against the ground, tased, and physically beaten.
26 (ECF No. 35 at ¶ 28(e)–(g), (r)–(s).)  Although the prior incidents are not identical to the instant
27 case, the Court finds the "factually pertinent" aspects of the cases are sufficiently similar to
28

survive Defendants' motion to dismiss.[2] *McCoy*, 2020 WL 374356 at *4.

Therefore, the Court DENIES Defendants' motion to dismiss Claim Two against the City.

### B. Claim Two Against Bidou

Defendants next argue the Court should dismiss Plaintiff's supervisory claim against Bidou in Claim Two. (ECF No. 38-1 at 18.) In opposition, Plaintiff argues the FAC adequately alleges Bidou knew or should have known of numerous incidents in which Vallejo Police Officers used excessive force and failed to discipline those officers. (ECF No. 40 at 17.)

To establish supervisory liability under § 1983, there must exist either "(1) [the official's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. City of L.A.*, 891 F.3d 776, 798 (9th Cir. 2018). "The causal connection is established 'by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.'" *Id.* Thus, a supervisor can be individually liable for action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others. *Starr v. Baca*, 652 F. 3d 1202, 1206 (9th Cir. 2011).

Both parties cite to *Calhoon v. City of South Lake Tahoe*, No. 2:19-cv-02165-KJM-JDP, 2020 WL 5982087, at *8 (E.D. Cal. Oct. 8, 2020). (ECF No. 40 at 17; ECF No. 42 at 4.) In *Calhoon*, the court found the plaintiff's allegations that the supervisor was present at the scene and refused to intervene were sufficient to state a supervisory liability claim. *Calhoon*, 2020 WL 5982087, at *8. In contrast, Plaintiff in the instant case does not allege Bidou was present for any of the prior alleged instances of excessive force, nor does Plaintiff allege any facts showing Bidou was aware of the conduct of the individual officers and refused to stop it. (*See* ECF No. 35 at ¶

---

[2]   Defendants also argue that because many of the prior incidents settled without a finding of unconstitutionality, they cannot be used to establish a custom, practice, or policy. (ECF No. 38-1 at 16.) This is incorrect. At this stage, "prior incidents involving lawsuits alone, even those which do not result in a finding or admission of wrongdoing, can be sufficient for *Monell* liability purposes." *Bagos*, WL 6043949, at *5.

28.) Rather, Plaintiff merely alleges Bidou "knew or should have known" of the prior incidents and "failed to discipline officers." (ECF No. 40 at 17.) Plaintiff's conclusory allegations are insufficient to state a claim. *See Tennyson v. Cnty. Of Sacramento*, No. 19-0429, 2020 WL 4059568, at *4 (E.D. Cal. July 20, 2020) (dismissing a supervisory liability claim that contained "nothing more than bare recitals and conclusory allegations as to [the supervisor's] knowledge or involvement in the underlying conduct"); *see also Estate of William Hennefer v. Yuba Cnty.*, No. 2:22-cv-00389-TLN-KJN, 2023 WL 4108077, at *5 (E.D. Cal. June 21, 2023) (dismissing a supervisory liability claim for failing to allege a "causal connection between Defendant's alleged wrongful conduct and the alleged constitutional violation").

Thus, the Court GRANTS Defendants' motion to dismiss Claim Two against Bidou with leave to amend.

          C.        <u>Negligence and Bane Act Claims Relate Back to Original Complaint</u>

Defendants argue Plaintiff's amended negligence claim and Bane Act claim should be dismissed because they are time-barred and do not relate back to the original complaint. (ECF No. 38-1 at 19–20.) In opposition, Plaintiff asserts these claims relate back to the original complaint and are therefore not barred by the statute of limitations. (ECF No. 40 at 17.)

An amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended claim arises out of the same conduct, transaction, or occurrence if it will likely be proved by the same kind of evidence offered in support of the original pleading." *ASARCO, LLC v. Union Pac. R. Co.*, 765, F.3d 999, 1004 (9th Cir. 2014). Courts generally apply the relation back doctrine of Rule 15(c) liberally. *Id.* For a pleading to relate back, it must share a common core of operative facts with the original pleading so that defendants are on notice of the charges against them. *Id.*

The amendments at issue sufficiently relate back to the facts asserted in the original complaint. Plaintiff's negligence and Bane Act claims in the FAC are substantially the same as those alleged in the original complaint. The claims also "arose out of the conduct, transaction, or occurrence set out . . . in the pleading" — namely, Plaintiff's arrest. Fed. R. Civ. P. 15(c)(1)(B).

7

1   As such, the Court concludes Defendants were put on notice of the scope of claims that could be
2   brought against them.  *ASARCO, LLC*, 765 F.3d at 1004.
3   　　　　　Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's negligence and
4   Bane Act claims.
5   　　　　　　　　　D.　　　　State Law Claims Based on Alleged Unlawful Detention
6   　　　　　Defendants next move to dismiss the Bane Act claim and negligence claim because
7   Plaintiff's allegations establish there was probable cause for her arrest for failing to show her
8   driver's license.  (ECF No. 38-1 at 20.)  In opposition, Plaintiff argues she was unlawfully
9   detained because there was no reasonable suspicion for the initial stop.  (ECF No. 40 at 20.)
10  　　　　　The Fourth Amendment applies to all seizures of the person, including a brief detention
11  such as a traffic stop.  *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975).  The Fourth
12  Amendment requires that such seizures be "reasonable."  *Id.*  Reasonable suspicion exists when
13  an officer is aware of specific, articulable facts which, when considered with objective and
14  reasonable inferences, form a basis for particularized suspicion.  *United States v. Cortez,* 449 U.S.
15  411, 418 (1981).  Particularized suspicion encompasses two elements: (1) the assessment must be
16  based upon the totality of the circumstances; and (2) that assessment must raise a reasonable
17  suspicion that the person being stopped has committed or is about to commit a crime.  *Id.*
18  　　　　　In opposition, Plaintiff argues the traffic stop was an unreasonable seizure because Eaton
19  and Patzer lacked reasonable suspicion that Plaintiff had committed or was about to commit a
20  crime.  (ECF No. 40 at 20.)  Plaintiff alleges Eaton and Patzer conducted the traffic stop because:
21  (1) they mistook the "four young women [in the vehicle] for African American men"; and (2)
22  someone in the vehicle allegedly made an obscene gesture at the officers.  (ECF No. 35 at 4–
23  5.)  Plaintiff cites authority supporting the argument that those reasons do not establish reasonable
24  suspicion.  (ECF No. 40 at 19–20 (citing *Duran v. City of Douglas*, 904 F.2d 1372 (9th Cir. 1990)
25  (concluding that a gesture considered to be obscene cannot form the basis for a traffic stop);
26  *Lopez v. City of Glendora,* 811 Fed. App'x 1016, 1018 (9th Cir. 2020) (holding that the
27  combination of racial profiles, suspect's clothing, and "the nature of the [suspected] crime" are
28  insufficient to constitute the basis of reasonable suspicion).)

Defendants do not address Plaintiff's allegations, nor do they develop their argument that the officers had reasonable suspicion for the stop. Instead, Defendants merely argue there was probable cause to arrest Plaintiff when she failed to provide her driver's license. (ECF No. 38-1 at 20–21.) Based on the limited argument before the Court on this issue, the Court concludes Plaintiff has adequately pleaded there was no reasonable suspicion for the initial stop. Accordingly, Defendant fails to persuade the Court that Plaintiff's state law claims based on an unlawful detention should be dismissed.

Therefore, the Court DENIES Defendants' motion to dismiss Plaintiff's state law claims.

### E.    Assault Claim

Defendants argue Plaintiff insufficiently pleaded her assault claim because Plaintiff fails to articulate any threat to cause harmful or offensive contact by Defendants. (ECF No. 38-1 at 21.) In opposition, Plaintiff argues she sufficiently alleged assault because the FAC states Eaton and Patzer "approached Plaintiff's car while pointing their guns at her." (ECF No. 40 at 21–22.)

Under California civil law, an assault claim must allege: "(1) that Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact[;] and (2) that Plaintiff was put in imminent apprehension of such contact." *Brooks v. United States,* 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998) (citing Restatement (Second) of Torts § 21 (1965)). Specific intent to commit an assault is not required, only an intentional act coupled with knowledge of "facts sufficient to establish that the defendant's act by its nature will probably and directly result in injury to another." *People v. Williams,* 26 Cal. 4th 779, 782 (2001).

Plaintiff alleges Eaton and Patzer approached her by pointing their guns at her, "violently" dragged her out of the vehicle while she was still wearing a seatbelt, then pushed her body to the ground. (ECF No. 35 at 4–5.) Plaintiff also alleges she "feared for her life" because six Vallejo Police Officers shot and killed her uncle in 2019. (*Id.*) The Court finds Plaintiff's allegations constitute a threat of force. Defendants have not provided case law or analysis to convince the Court otherwise. As a result, the Court concludes Plaintiff adequately alleges facts to support the inference Defendants may be liable for assault.

Therefore, the Court DENIES Defendants' motion to dismiss Plaintiff's assault claim.

1  ///

2  ///

3       F.   Bane Act Claim

4       Defendants argue Plaintiff's Bane Act claim must be dismissed because Plaintiff fails to allege Eaton and Patzer acted with specific intent to deprive Plaintiff of her rights. (ECF No. 38-1 at 22.) In opposition, Plaintiff argues she adequately alleges Eaton and Patzer's specific intent as evidenced by their conduct — "drawing guns on a car full or unarmed teenage girls before yanking out the driver, throwing her to the ground, and pinning her to the ground despite her full compliance." (ECF No. 40 at 22–24.)

       The Bane Act, California Civil Code § 52.1, provides a private cause of action against anyone who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by an individual or individuals of rights secured by the Constitution or laws of the United States, or laws and rights secured by the Constitution or laws of California." Cal. Civil Code § 52.1(a). A Bane Act claim requires a showing of specific intent to violate protected rights, which can be satisfied by "[r]eckless disregard of the right at issue." *Cornell v. Cty. of S.F.*, 17 Cal. App. 5th 766, 800 (2017).

       The FAC alleges Eaton and Patzer initiated a traffic stop without reason, violating Plaintiff's Fourth Amendment rights. (ECF No. 35 at 21.) Plaintiff also alleges Eaton and Patzer forcibly removed her from her vehicle and "violently grabbed and threw Plaintiff to the ground despite the fact Plaintiff was not resisting at all." (*Id.* at 20–22.) The Court disagrees with Defendants' contentions that Plaintiff's allegations are conclusory and fail to establish Eaton and Patzer's specific intent to violate Plaintiff's protected rights. Plaintiff's allegations support the argument Eaton and Patzer acted with specific intent — or at the very least reckless disregard of Plaintiff's right to be free from unreasonable seizures.

       As such, the Court DENIES Defendants' motion to dismiss the Bane Act claim.

       G.   Injunctive Relief

       Defendants move to dismiss Plaintiff's prayer for injunctive relief. (ECF No. 38-1 at 22–23.) Plaintiff does not oppose dismissal of her claim for injunctive relief. (ECF No. 40 at 10.)

Therefore, Defendants' motion to dismiss Plaintiff's prayer for injunctive relief is GRANTED.

///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss/Strike (ECF No. 38) as follows:

1. The Court DENIES Defendants' motion to strike;
2. The Court DENIES Defendants' motion to dismiss Claim Two against the City;
3. The Court GRANTS Defendants' motion to dismiss Claim Two against Bidou with leave to amend;
7. The Court DENIES Defendants' motion to dismiss Claims Three, Four, and Six.
8. The Court GRANTS Defendants' motion to dismiss Plaintiff's prayer for injunctive relief without leave to amend.

Plaintiff may file an amended complaint — only to cure the deficiencies in Claim Two against Bidou — not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint. If Plaintiff opts not to amend her FAC, this case will proceed on Plaintiff's remaining claims and Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

Dated: July 11, 2023

Troy L. Nunley
United States District Judge

11