**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS.<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF VALLEJO, et al.<br><br>    Defendants | CASE NO.: 2:19-cv-01896-TLN-DB<br><br>**UPDATED STATEMENT RE: DISCOVERY DISPUTE**<br><br>HON. DEBORAH BARNES<br><br>Date:   February 9, 2024<br>Time:   10:00 AM<br>Ctrm:   27, 8th Floor |

1. **DISCOVERY DISPUTE UPDATE**

**Plaintiff's Position:**

Per this Court's order (ECF No. 47), the parties' counsel further met and conferred telephonically regarding the ongoing discovery dispute for approximately one hour on December 12, 2023. In this conference, Defendants' Counsel agreed to produce amended responses and additional documents disclosures in response to Requests for Production Nos. 1, 3, 7, 9, 15, and 17. Following the meet and confer, on December 12, 2023, Plaintiff's Counsel sent Defendants' Counsel an email summarizing their agreements and requesting that the Defendant City produce the amended responses and additional document disclosures by December 22, 2023. (Declaration of Ty Clarke ["Clarke Decl."], **Exhibit 1**—12/12/23 Email). This is December 12, 2023, meet and confer is the last contact that Plaintiff's Counsel has received from Defendants' Counsel in either telephonic or email form.

As this Court knows, Defendants' Counsel then failed to respond to Plaintiff's Counsel's numerous emails over the coming weeks. Due to Defendants' Counsel's unresponsiveness, Plaintiff's Counsel ultimately had to submit a unilateral update regarding the discovery dispute on December 29, 2023, in which Plaintiffs' Counsel described their numerous efforts to contact Defendants' Counsel. (ECF No. 48). In response to Plaintiff's updated discovery statement, on January 8, 2024, this Court issued an order in which it required Defendants' Counsel to show cause as to why counsel should not be sanctioned. (ECF No. 49). This Court also noted the following: "In the event the parties file an updated Joint Statement the undersigned will consider defense counsel's efforts as reflected in that updated Joint Statement in determining the appropriate sanction for defense counsel." (ECF No. 49, p. 2 fn. 1).

On January 19, 2024, Defendants' Counsel filed a declaration in response to this Court's order to show cause. (ECF No. 50). In this declaration, Defendants' Counsel acknowledged that it was his fault for missing this Court's deadlines and asserted the following: "In my practice I take deadlines seriously and did not mean to flaunt them. I apologize to the court and counsel for Plaintiff for the inconvenience, and will endeavor to ensure no repeat of my behavior." (ECF No. 50, ¶7).

Unfortunately, Defendants' Counsel's assertion that he would not repeat his behavior has been discredited by his subsequent actions. On January 19, 2024, following the filing of the

declaration, Plaintiff's Counsel emailed Defendants' Counsel regarding the discovery dispute. In this email, Plaintiff's Counsel stated that they would need to receive the supplemental disclosures and amended responses—as the Parties had mutually agreed to on December 12, 2023—by January 30, 2024, so that Plaintiff would have sufficient time to analyze the adequacy of the production and responses before the February 2, 2024, deadline for the updated joint statement. (Clarke Decl., **Exhibit 2**—1/19/24 Email). Plaintiff's Counsel further requested that Defendant's Counsel respond in order to indicate whether he would be producing the documents and amended responses that he had promised more than a month before. (*Id.*).

When Defendants' Counsel did not respond to Plaintiff's January 19, 2024 email, Plaintiff's Counsel sent a follow up email on January 24, 2024. (Clarke Decl., **Exhibit 3**—1/24/24 Email). As of January 31, 2024—the day in which Plaintiff's Counsel is providing Defendants' Counsel with their portion of this updated discovery dispute statement—Defendants' Counsel *still* has not responded to Plaintiff's Counsel emails nor produced *any* of the promised amended responses or supplemental disclosures. Thus, Defendants' Counsel assertion to this Court that he would "endeavor to ensure no repeat of [his] behavior" has been proven to be a misrepresentation.

Given Defendants' Counsel total unresponsiveness for nearly two months, Plaintiff's Counsel has lost faith that the Defendant City will ever produce the promised amended responses and document disclosures absent an order from this Court requiring it. Accordingly, Plaintiff requests that this Court order Defendants to produce the mutually agreed upon amended responses and additional disclosures (as outlined in **Exhibit 1**) by February 10, 2024.

Plaintiff's Counsel has now spent numerous hours meeting and conferring with Defendants' Counsel and drafting discovery dispute statements in response to the Defendant City's failure to fulfill its duty of production or even respond to basic correspondences. As Plaintiff's Counsel noted in their previous statement, it routinely requests and receives these types of documents in §1983 cases against government entities without any of the issues it has encountered with the Defendant City and its Counsel. Plaintiff's Counsel further contends that Defendants' Counsel has been purposefully unresponsive in an attempt to withhold discoverable documents that are damaging to the Defendants' case. Plaintiff's Counsel further notes that the Defendant City has a documented history of destroying

discoverable records pertaining to Vallejo Police Department misconduct, making it all the more important that Plaintiff immediately receive the documents to which she is legally entitled.[1]

Accordingly, Plaintiff renews her request for the recovery of the reasonable costs incurred in litigating this issue.

While Rule 26 determines the scope of discovery available to parties in the discovery process, Rule 37(c)(1) gives teeth to the requirements imposed by Rule 26. *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*, 259 3d. 1101, 1106 (9th Cir. 2001).

Federal Rules of Civil Procedure 37 states that if a party fails to make disclosures and/or provide responsive testimony that the Court may provide an appropriate sanction including reasonable attorney fees and costs. This is a "self-executing, automatic sanction to provide a strong inducement for disclosure of material." Supra, Yeti at 1106 (9th Cir. 2001) (internal punctuation omitted) (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)).

The Defendant City's lack of responsiveness and repeated failures to produce undoubtedly responsive records required Plaintiff's Counsel to dedicate numerous hours to a needless discovery dispute. Moreover, the Defendant City failed to disclose documents that its own Counsel promised to produce, necessitating three discovery dispute statements.

As such, Plaintiff's Counsel is entitled to recover the reasonable attorney fees and costs they incurred in litigating this discovery dispute. *See, e.g., Loynachan v. Smiley,* Case No. 2:22-cv-00841-WBS-JDP, ECF No. 36 (E.D. Cal. Oct. 10, 2023) (awarding plaintiff reasonable attorney fees in Rule 37 motion).

Accordingly, Plaintiff's Counsel requests that this Court award it the reasonable costs they incurred, to be paid by Defendants' Counsel.

**Defendant City's position:**

Cutting through the above superfluous, perhaps disparaging remarks, it is true that as a result of subsequent meet and confer per this Court's order (ECF No. 47), an agreement to provide amended

---

[1] https://www.vallejosun.com/vallejo-says-it-inadvertently-destroyed-records-in-five-police-shooting-investigations/

responses to Requests for Production Nos. 1, 3, 7, 9, 15, and 17 was reached. There was no agreed upon date for production of the amended responses. Now, Defendant proposes amended responses will be provided by February 27, 2024.[2] Defendant notes that Plaintiff's requests encompass broad categories including documents involving Paragraph 29 and its 19 subparagraphs of the First Amended Complaint, which is no small task. There is no prejudice to Plaintiff for this proposed date for amended responses, as discovery remains open under the Initial Pretrial Scheduling Order (ECF No. 3). Defendants filed an answer on August 31, 2023 (ECF no. 44), and thus discovery remains open through April 27, 2024 by counsel for Defendants' calculation. No trial date is set, meaning that that discovery deadline could also be modified without jeopardizing further proceedings.

In terms of the above embedded request for costs, such is not only without proper notice nor improper procedurally, but also this joint statement is a matter that was necessary to update the court, not a basis for costs. The request should be denied.

Respectfully submitted,

Date: February 1, 2024            **POINTER & BUELNA, LLP**
                                  **LAWYERS FOR THE PEOPLE**

                                  /s/ Ty Clarke
                                  TY CLARKE
                                  COUNSEL FOR PLAINTIFF


Dated:  February 1, 2024          **PORTER SCOTT**
                                  **A PROFESSIONAL CORPORATION**

                                  By  /s/John R. Whitefleet
                                       John R. Whitefleet
                                       Attorneys for Defendants

---

[2] Counsel for Defendants has a trial in between the filing of this document and that date.