1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEYANA JENKINS,                           No.  2:19-cv-1896 TLN DB

12                  Plaintiff,

13          v.                                   ORDER

14    CITY OF VALLEJO, et al.,

15                  Defendants.

16

17          On November 3, 2023, plaintiff filed a motion to compel and noticed the motion for

18    hearing before the undersigned on December 8, 2023, pursuant to Local Rule 302(c)(1).  (ECF

19    No. 45.)  On November 22, 2023, the parties filed a Joint Statement re Discovery Dispute

20    pursuant to Local Rule 251.  (ECF No. 46.)  Therein, the parties disagreed as to whether they had

21    met and conferred after defendants made their most recent document production.  (Id. at 2, 3-4.)

22          Accordingly, on December 5, 2023, the undersigned issued an order continuing the

23    hearing of plaintiff's motion to January 12, 2024.  (ECF No 47 at 2.)  The parties were also

24    ordered to meet and confer on or before December 22, 2023, and to withdraw the motion to

25    compel or file an updated Joint Statement on or before December 29, 2023.  (Id.)

26          On December 29, 2023, plaintiff filed their portion of the Joint Statement.  (ECF No. 48.)

27    Therein plaintiff's counsel asserted that the parties met and conferred on December 12, 2023.  (Id.

28    at 2.)  Thereafter, on December 12, 2023, and December 15, 2023, plaintiff's counsel emailed

1  defense counsel and received no response.  (Id.)  These assertions are supported by evidence.

2  (ECF No. 48-2 at 4-10.)  Plaintiff's counsel sent additional emails thereafter and received no

3  response.  (ECF No. 48 at 2.)  Defense counsel filed nothing in response to either the

4  undersigned's December 5, 2023 order or the representations made in the December 29, 2023

5  filing by plaintiff's counsel.

6       Accordingly, on January 8, 2024, the undersigned issued an order continuing the hearing

7  of plaintiff's motion to February 9, 2024, and ordering defense counsel to show cause as to why

8  counsel should not be sanctioned.  (ECF No. 49.)  On January 19, 2024, defense counsel filed a

9  declaration in response to the order to show cause.  (ECF No. 50.)  Therein, defense counsel

10  explained that counsel was "on vacation starting December 22, 2023, through the new year," and

11  was "not checking emails or deadlines while . . . out."  (Id. at 2.)

12       On February 1, 2024, the parties filed an Updated Statement re: Discovery Dispute.  (ECF

13  No. 51.)  Therein, plaintiff's counsel states that after defense counsel filed the declaration on

14  January 19, 2024, plaintiff's counsel sent defense counsel emails on January 19, 2024, and

15  January 24, 2024.  (Id. at 2-3.)  Once again defense counsel did not respond.  (Id. at 3.)  Again,

16  plaintiff has supported these assertions with evidence.  (ECF No. 51-3; ECF No. 51-4.)

17       Defense counsel characterizes plaintiff's statements as "superfluous, perhaps disparaging

18  remarks[.]"  (ECF No. 51 at 4.)  Counsel does not articulate which statements are "perhaps

19  disparaging."   The information certainly is not superfluous.  The undersigned shares plaintiff's

20  counsel's concern about the lack of attention and responsiveness defense counsel has displayed,

21  as well as the failure to comply with the Local Rules.  While disruption due to vacation and/or

22  holidays is entirely understandable, defense counsel's explanation that they were out "through the

23  new year," does not explain defense counsel's continued unresponsiveness or why counsel did

24  not file anything prior to the undersigned's order to show cause issued on January 8, 2024.

25       Moreover, defense counsel states that "amended responses will be provided by February

26  27, 2024."  (Id. at 5.)  Plaintiff's motion to compel was filed on November 3, 2023.  In the

27  updated Statement re: Discovery Dispute, defense counsel provides no substantive basis to

28  ////

1   oppose plaintiff's motion.  Nor has defense counsel's conduct inspired confidence that a future

2   production will be responsive and timely.

3         "The discovery process in theory should be cooperative and largely unsupervised by the

4   district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).

5   "When that cooperation breaks down, the district court has broad discretion to regulate discovery

6   conduct and, if needed, impose a wide array of sanctions."  Infanzon v. Allstate Insurance

7   Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  Moreover, the counsel's failure to comply with

8   the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized

9   by statute or Rule or within the inherent power of the Court."  Local Rule 110.

10         Accordingly, IT IS HEREBY ORDERED that:

11         1.  Plaintiff's November 3, 2023 motion to compel (ECF No. 45) is granted;

12         2.  Within seven days of the date of this order defendants shall produce responsive

13   documents;

14         3.  The February 9, 2024 hearing of plaintiff's motion is vacated; and

15         4.  Within fourteen days of the date of this order defense counsel shall pay plaintiff $750

16   as a sanction for their conduct.

17   Dated:  February 6, 2024

18

19

20                                                      DEBORAH BARNES
                                                       UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26   DLB:6
     DB/orders/orders.civil/jenkins1896.mtc.sanc.ord

27

28

                                                3