**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

**Richard W. Osman, State Bar No. 167993**
**Sheila D. Crawford, State Bar No. 278292**
**Corey C. Wilson, State Bar No. 332800**
**BERTRAND, FOX, ELLIOT, OSMAN & WENZEL**
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:
rosman@bfesf.com
scrawford@bfesf.com
cwilson@bfesf.com
Attorneys for Defendants
CITY OF VALLEJO, COLIN EATON and
JORDON PATZER

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

DEYANA JENKINS,

    Plaintiff,

    v.

CITY OF VALLEJO, et al.

    Defendants.

Case No.: 2:19-cv-01896 TLN SR

**JOINT DISCOVERY DISPUTE LETTER**

Meet and Confer: Under F.R.C.P. 30(a)(2)(A)(ii), a party must seek leave of the court if a deponent has already been deposed in a case. On 7/15/25, the parties met and conferred regarding Plaintiff's request that Defendant Eaton sit for a second, limited deposition. Plaintiff asserted the second deposition was necessary due to records received after his deposition, including undisclosed records she claims constitute admissions of felony criminal acts, in addition to an undisclosed citizen complaint. The parties were unable to reach an agreement during the meet and confer discussion.

Plaintiff's Position: Under F.R.C.P. Rule 26(b)(1) a party may seek an additional deposition based on the relevance to Plaintiff's claims and the importance in resolving the issues. Here, the discovery of undisclosed misconduct complaints, criminal admissions, and a pre-existing disability is highly relevant, non-cumulative, and material to plaintiff's claims.

On 01/04/20, Plaintiff served their RPD, Set 1.  Requests 15-19 sought Tort Claims, Complaints, and Internal Affairs records filed against "ANY Vallejo Police Department Officer alleging a police officer engaged in excessive force; intimidation; false arrest; harassment; racial profiling; conduct unbecoming of an officer; and/or fabricated an official Vallejo Police Department record." On 11/03/23, Plaintiff filed a Motion to Compel, due to the City's refusal to turn over records. On 01/19/24, Plaintiffs Request for Production of Documents, Set 2, Requests 1 & 3 requested complaints and personnel records specific to Defendants. On 2/7/24, this court Ordered Defendants to turn over the records and sanctioned them for their failure to do so. (Dkt. 52)

On 02/16/24, Defendants still refused to disclose the records and served a privilege log related to the personnel records and citizen complaints instead. (See Exhibit 1- Privilege Log) In April 2024, Plaintiff's tried to meet and confer with counsel John Whitefleet about deposition scheduling and missing discovery but were delayed by non-responsiveness from counsel. On 06/04/24, the parties met and conferred about the missing records subject to the court Order, and council Whitefleet agreed that the records identified in the Privilege Log were disclosable.  On 06/21/24, Plaintiff was notified that Whitefleet was no longer counsel for Defendants. In January 2025, almost a year after this court's Order, Defendants served Plaintiffs with multiple disciplinary records related to Defendants. In April 2025, Defendant Colin Eaton was deposed and questioned about each disciplinary document disclosed in January 2025.

On 05/08/25, Captain Whitney testified about a citizen complaint against Eaton related to an elderly amputee and felony criminal admissions Eaton made during his background check which disqualified him for hire but were ignored by Chief Bidou. (See Dkt. 71-2, pg. 104:15-108:2) In July 2025, counsel received Defendant Eaton's background packet, polygraph and military discharge records in an anonymous mailing, which supported Whitney's testimony. On 07/25/25, the City disclosed the citizen complaint related to the amputee, which was in their possession the entire time, per the Privilege Log and was not part of the 10/11/2024 or any other production.

Defendants' Position:

Repeat depositions are disfavored and are only permitted on a showing of good cause.  (*Goins v. County of Merced*, 2015 WL 9304749 at *4 (E.D. Cal. 2015) (citing *Graebner v. Jame River Corp.*,

130 F.R.D. 440, 441 (N.D. Cal. 1990).) Plaintiff fails to meet her burden of establishing good cause for a second deposition of Eaton.

On 10/11/24, the City produced more than 3,000 pages of records, which included documents related to complaints against Eaton, including the complaint related to the amputee which Plaintiff is now asserting was "withheld". During meet and confer discussions, Plaintiff repeatedly referred to a complaint regarding "the man with no legs", with no additional information provided, making it impossible for the City to identify to whom she was referring. On 7/16/25, Herman Robinson was deposed. He provided additional information regarding the incident, which allowed the City to identify the previously produced records, as well as an additional two-page memo from Robinson containing the same information as the previously produced documents. On 7/25/25, the City provided Plaintiff with the Bates numbers for the previously produced complaint. The City also produced the additional memo located following Robinson's deposition. It is unclear why Plaintiff is continuing to assert that the complaint was unavailable to her at the time of Eaton's deposition in April 2025, six months after it was produced.

Although it was unknown to Counsel for the City at the time of the 7/15/25 meet and confer discussion, the prior attorney for the City had identified Eaton's background check documents in a privilege log produced in response to Plaintiff's RFPD, Set Two as being protected by Eaton's privacy rights. Plaintiff's Motion to Compel was related to the responses to RFPD, Set One and was decided before the RFPD, Set Two responses were even due. To the City's knowledge, Plaintiff never raised any issues regarding the assertion of privacy related to the background check investigation. She had 14 months between the service of the privilege log and Eaton's deposition to do so. The private, confidential employment records were then illegally provided to Plaintiff by a reportedly anonymous third-party. Plaintiff's counsel promptly disclosed these private, confidential records to media outlets and has tweeted about them several times. The illegal disclosure to Plaintiff's counsel in no way waives Eaton's privacy rights. The statements by the background check investigator Plaintiff describes as an "admission of felony criminal acts" by Eaton relate to Eaton's second marriage, for which Eaton received an off-base housing stipend from the military and which the investigator described as "fraudulent". Even assuming Plaintiff's characterization of this background check report as an "admission of felony criminal acts" were accurate, it would not have disqualifies Eaton from being a police officer or made his hire illegal, as Plaintiff's counsel has repeatedly asserted in these proceedings and online as part of her ongoing effort to try this case in the media.  Government Code Section 1029 prohibits individuals *convicted* of a felony from serving as a police officer. Eaton was never convicted of anything.

The reference to Eaton's disability benefits from the VA relates to a leg injury with no relevance to this case. Plaintiff has propounded written discovery on this issue, which is more than sufficient to confirm there is no relevance and no further inquiry is warranted.

Conclusion: Plaintiff is seeking an Order compelling Defendant Eaton to be produced for a limited second deposition, to answer questions regarding his undisclosed pre-hire criminal admissions, citizen complaints and the nature of his disability. Defendants oppose the second deposition.