MELISSA C. NOLD, ESQ., SBN 301378
NOLD LAW
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

ADANTE POINTER, ESQ., SBN 236229
PATRICK BUELNA, ESQ., SBN 317043
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, | Case No.: 2:19-cv-01896-TLN-SR |
| Plaintiff, | JOINT DISPUTE LETTER |
| v. | |
| CITY OF VALLEJO, | |
| Defendants. | |

Meet and confer/issue presented: On 10/28/2025 former Chief Shawny Williams was deposed in this case. Williams testified that Vallejo Asst. City Attorney Katelyn Knight threatened and/or intimidated him in relationship to the deposition and that he feared further retaliation. (See Exhibit 1- Deposition of Shawny Williams, at 21:12-25; 23:22-24:7) Plaintiff's counsel asked a follow up question, but Ms. Knight asserted attorney client privilege and directed Williams to not answer any questions related to the conversation(s) with counsel. (*Id*. at 24:8-27:24) The parties discussed the issue on the record and sought court intervention during the deposition, but defendants opted to resolve the issue using an alternate method. (See *Id*. and *Id*. at 65:11-66:1) On 11/5/25, the parties met and conferred and could not resolve this dispute. Plaintiff is seeking to re-depose Williams related to the witness intimidation.

Plaintiff's Position: "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). "The attorney-client privilege may be divided into eight essential elements: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.' " *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) (citation omitted); *United States v. Martin*, 278 F.3d 988, 999 (9th Cir.2002). Under California Penal Code § 136.1 and federal code 18 U.S. Code § 1512 (b)(1-2), it is a crime to dissuade, intimidate, or tamper with a witness or victim, to attempt to prevent them from testifying.

Williams was forced out of his job because he feared for his safety, after harassment, racism, threats, retaliation and intimidation that resulted in three formal complaints the City failed to investigate or resolve. (*Id*. at 21:9-11; 27:25-28:17; 29:2-7; 50:22-52:20; 52:21-65:10) Williams believes these unlawful actions originated with the city's police employees. (*Id*. at 74:1-24) Williams was originally scheduled for deposition on 6/9/25. At that time, Williams was represented by the City, but the deposition was cancelled by the City for unknown reasons. (*Id*. at 19:10-21:2) On 7/29/25, defendants notified counsel that they would no longer be representing or producing Williams for deposition. Williams obtained private counsel for the matter at his own expense, who did not object to the questions related to the claims of witness intimidation. (*Id*. at 21:3-8; 66:7-13) During his deposition, Chief Williams explicitly accused Asst. City Attorney Katelyn Knight of trying to threaten and/or intimidate him in relationship to the deposition and indicated that he feared further harm or intimidation because of his participation in the deposition. *(Id*. at 21:12-25; 23:22-24:7) Although she had not been defending the deposition up to that point, Katelyn Knight interjected to prevent Williams from answering questions. (*Id*. at 24:8-27:24) Williams' deposition was Attorney Knight's first appearance in the case since 2019.

Attempting to intimidate a witness is an ethical violation and crime under state and federal law, and those communications do not constitute privileged legal advice. Counsel cannot assert attorney client privilege to conceal criminal acts. Attorney client privilege does not shield attorney

wrongdoing or abusive behavior directed at a client. There is no attorney client protection for the threatening communications Williams testified about.

Defendants' Position:

The attorney-client privilege extends to discussions between counsel for an employer and former employees in preparation for a deposition, regardless of whether counsel for the employer represents the witness for the purposes of the deposition. (*In re Coordinated Pretrial Proceedings in petroleum Products Antitrust Litigation*, 658 F.2d 1355, n.7 (9th Cir. 1981.) The employer holds the privilege, and the former employee has no authority to waive it. (*U.S. v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996.)

When former Chief Shawny Williams left his employment with the City, he executed a severance agreement that included a provision that Williams fully and unequivocally cooperate with the City and its attorneys in defense of pending and future litigation, which explicitly included "Williams providing documents, appearing for, and fully participating in strategy meetings, interviews, depositions and court" among other things. (Agreement ¶ 7.) The City has defended Williams as a witness in depositions and provided a defense for Williams as a named party in prior cases pursuant to this agreement and its obligations under the Labor Code.

Here, the communication at issue took place in the context of discussing preparation and defense of Williams' upcoming deposition in this matter. It was a confidential communication made by legal counsel for the City to a former employee of the City, whose deposition was being sought in connection with his employment.

It is difficult for the City to address Williams' mischaracterization of the discussion as a threat without waiving the privilege by disclosing the substance of the confidential communications. There was no threat. There was certainly no attempt to prevent or dissuade Williams from testifying or to influence, delay, or alter Williams' testimony. Williams' mischaracterization of confidential communications between himself and legal counsel for his former employer related to a deposition pertaining to his employment, does not bring the privileged statements outside to scope of the attorney-client privilege. The privilege related to the statements is held by the City as the employer/entity, not by Williams. Williams does not have the authority to waive the privilege. Because the statements at issue are privileged, no further deposition is warranted.

Conclusion: Plaintiff is seeking to re-depose Williams for the limited purpose of determining what was said or done by Asst City Attorney Katelyn Knight that Williams deemed a threats and/or intimidation in relationship to his deposition in this matter. Defendants oppose.