UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF VALLEJO, et al.,<br><br>   Defendants. | No. 2:19-CV-1896 TLN SCR<br><br><br>ORDER |

    This order concerns two discovery disputes the parties presented for resolution through informal telephonic discovery conferences ("IDC"). The first IDC, held November 17, 2025, concerns Plaintiff's request to depose Defendant Eaton a second time, based on new information recently obtained by Plaintiff's counsel. ECF 82. In light of the discussion at the IDC and the parties' filing, the Court DENIES Plaintiff's request to reopen Defendant Eaton's deposition in order to inquire about the incident concerning the amputee and/or any reports about that incident, but GRANTS Plaintiff's request to reopen Defendant Eaton's deposition in order to inquire about Defendant Eaton's background check and the documents concerning that background check that Plaintiff's counsel recently acquired. The parties shall meet and confer about a time limit for such deposition, which shall be no longer than necessary to allow a reasonable development of the record on this limited subject. Any deposition transcript concerning this subject may be subject to the provisions of the Protective Order in this case in order to protect Defendant Eaton's privacy rights and any applicable privileges.

1    The second IDC, held November 21, 2025, concerns Plaintiff's request to depose former Chief of Police Shawnee Williams a second time, in order to inquire into the basis for his earlier deposition testimony that a Vallejo City Attorney subjected him to threats and/or intimidation in relation to his deposition. ECF 85. The Court finds that the communication between the City Attorney and former Chief Williams is presumptively protected by the attorney-client privilege. *See United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (reiterating that attorney-client privilege belongs to the employing entity and cannot be waived by an employee or former employee). However, the parties have not meaningfully addressed what exception to the privilege might apply and what procedures should be used to determine whether that exception does in fact apply. On or before December 5, 2025, the parties shall file either: (1) a stipulation as to how the court should proceed to adjudicate this dispute, or (2) a joint brief of no more than ten pages concerning (a) what exception to the privilege might apply and (b) what procedures should be used to determine whether that exception does in fact apply. Depending on what the parties file, the Court may convene a further IDC or a formal hearing.

SO ORDERED

DATED: November 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2