1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, | No. 2:19-cv-1896-TLN-SCR |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Plaintiff seeks to depose former Chief of Police Shawnee Williams a second time, in order to inquire into the basis for his earlier deposition testimony that a Vallejo City Attorney subjected him to threats and/or intimidation in relation to his deposition. ECF 85. The Court has previously ruled that the attorney-client privilege presumptively protects any conversations between the City Attorney and former Chief Williams, and ordered additional briefing on what exceptions to this privilege may apply and how to determine their applicability. ECF No. 87. In her portion of the joint brief filed on December 5, 2025, Plaintiff requests in-camera review of a sealed declaration from Williams as to whether the Assistant City Attorney intimidated him to prevent him from testifying in this matter. ECF No. 90 at 4. For the reasons outlined below, the Court grants this request.

/////

1

## I. BACKGROUND

Plaintiff originally intended to depose Williams on June 9, 2025, before the City cancelled the deposition for "unknown reasons." ECF No. 85 at 2. On July 29, 2025, Defendants notified Plaintiff that the City would not longer represent Williams at such a deposition. *Id.* After Williams obtained other counsel, Plaintiff deposed him on October 28, 2025. ECF No.85-1.

At this deposition, Williams confirmed that the cancellation of the original deposition date was not due to any scheduling conflicts on his part. ECF No. 85-1 at 3.[1] He also asserted that the City informed him at some point that he would need to secure his own conflicts counsel for the deposition. *Id.* at 3-4. When asked, Williams confirmed that he feared retaliation, harassment, or physical or financial injury for providing testimony in this matter. *Id.* at 4. Williams identified Katelyn Knight, the Assistant City Attorney attending that deposition, as having already harassed, intimidated, and threatened retaliation against him in relation to the deposition. *Id.* at 6-7.

Knight, who was present at the deposition, objected to any questions regarding the content of the allegedly harassing communications as protected by attorney-client privilege. *Id.* at 7. Plaintiff's counsel responded that the privilege did not apply to any communications that constitute intimidation of a witness, which is a crime. *Id.* Knight responded that the communications at issue were related to "this deposition and legal advice[,]" even if Williams perceived these communications to be threatening or retaliatory in nature. *Id.* at 7-9.

## II. ANALYSIS

When an attorney represents an entity, the attorney-client privilege "applies to communications between corporate employees[,]" including former employees, "and counsel, made at the direction of corporate superiors in order to secure legal advice." *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (citations omitted). The Court concluded in its earlier order that this includes communications between the City Attorney and former Chief Williams. ECF No. 87 at 2. Plaintiff has provided no authority to cause the Court to reconsider this conclusion. *See* ECF No. 90 at 3. Accordingly, the Court starts from the premise that the

---

[1] The citations for ECF No. 85-1 refer to the page numbers assigned by the electronic docketing system, not the transcript page numbers.

2

communication at issue was privileged.

The attorney-client privilege, however, is not absolute. Under the crime-fraud exception, any communication made "in furtherance of a contemplated or ongoing crime or fraud" is exempt from privilege. *United States v. Laurins*, 659 F.Supp. 847, 848 (N.D. Cal. 1987). Such crimes include obstruction of justice, which is the offense Plaintiff's counsel accused Knight and the City of during the deposition.[2] ECF No. 85-1 at 7; *Laurins*, 659 F.Supp. at 848.

The traditional two-part test for the exception first requires that the client "was engaged in planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." *United Studios of Self Defense, Inc. v. Rinehart*, 2019 WL 6973521 at *4 (C.D. Cal. Sep. 13, 2019) ("*United Studios*") (quoting *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) ("*Napster*") (further quotations omitted). The propounding party must then show that that the communications at issue were "sufficiently related to" and "in furtherance of" the intended or ongoing crime. *Id.*

In order to obtain outright disclosure, the propounding party must demonstrate the crime-fraud exception by a preponderance of the evidence. *See United Studios*, 2019 WL 6973521 at *4 (citing *Napster*, 479 F.3d at 1093, 1095). Alternatively, the moving party can seek in-camera review by merely demonstrating "a factual basis adequate to support a good faith belief by a reasonable person" that the exception applies. *United States v. Zolin*, 491 U.S. 554, 572 (1989).

Defendants interpret the first part of the two-part test to mean that communications "by the attorney, not the client," do not qualify for the crime-fraud exception. ECF No. 90 at 6. But the reasoning of *United Studios* suggests otherwise. In that case, the propounding party sought to invoke the crime-fraud exception based on alleged obstruction of justice. 2019 WL 6973521 at *6. The court acknowledged that Plaintiff Charles Mattera may have encouraged a witness to lie, but held that in-camera review yielded "no evidence that Fortis [Mattera's counsel] encouraged

---

[2] This holding, and this order, applies only to deposition testimony regarding efforts to interfere with said deposition. Plaintiff cites in part to testimony regarding the "racial animus" that led Williams to resign as Chief of Police in October 2022. *See* ECF No. 90 at 2 (citing ECF No. 85-1 at 10-12). This exceeds the order for additional briefing, which targets only "the basis for his earlier deposition testimony that a Vallejo City Attorney subjected him to threats and/or intimidation in relation to his deposition." ECF No. 87 (citing ECF No. 85).

1  Mattera to interfere with … testimony." *Id.* The court emphasized that counsel had in fact
2  "repeatedly encouraged Mattera to not contact" the witness. *Id.* This suggests that in some
3  contexts, communications *by* the attorney can be just as relevant to the crime-fraud exception as
4  communications *by* a client *to* the attorney.

5      The current record provides a sufficient factual basis to suggest that such communications
6  may fall under the crime-fraud exception. Obstruction includes any use or threat of physical
7  force, intimidation, or threats to "influence, delay, or prevent the testimony of any person in an
8  official proceeding." 18 U.S.C. § 1512(b)-(c). Here, a former City employee has testified that he
9  resigned in part due to pervasive racial animus directed at himself and other City employees.
10 ECF No. 85-1 at 11. When scheduled to testify about this racial animus, his deposition was
11 rescheduled and the City informed him he would need a separate conflicts attorney for the
12 deposition. ECF No. 85 at 2; ECF No. 85-1 at 3. During his deposition, and months after the
13 original date, he admitted to being afraid of retaliation, harassment, or physical injury due to his
14 testimony. ECF No. 85-1 at 4. This was in part because he reportedly had already received such
15 threats from the Assistant City Attorney, who then objected to further deposition on this point.
16 *Id.* at 6-8.

17     Defendants are correct that a client, including a former City employee, may misinterpret
18 legal advice as a threat. ECF No. 90 at 6-7. Knight's own assertion during the deposition that
19 such a misunderstanding occurred here, however, is the only evidence that the communications at
20 issue did not constitute obstruction. *See* ECF No. 85-1 at 7-9. *See* ECF No. 90 at 6.

21     The Court finds a sufficient factual basis to suggest to a reasonable person that the two-
22 part test for the crime-fraud exception is met. The Court agrees to in-camera review of a sealed
23 declaration by Williams detailing any threatening or harassing communications from the City, the
24 City Attorney, and any Assistant City Attorney. Defendants are correct that context may reveal
25 an innocent explanation for the communications that Williams interpreted as threats. The Court
26 therefore also agrees to in-camera review of a sealed declaration by Knight, to be submitted
27 concurrently to Williams' declaration. Both parties shall attach to their declarations any written
28 copies of such communications, as well as other records relevant to establishing either the

attorney-client privilege or the crime-fraud exception.

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Counsel for Defendants shall immediately transmit a copy of this Order to counsel for Shawnee Williams;
2. Within five days of the date of this order, Shawnee Williams shall file in camera and under seal a declaration detailing any communications from the City Attorney concerning his deposition testimony; and
3. Within five days of the date of this order, Defendants shall file in camera and under seal a declaration by Katelyn Knight detailing any communications with Shawnee Williams concerning his deposition testimony.

**SO ORDERED**.

DATED: December 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5