UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, | No. 2:19-cv-1896-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

    This order concerns Plaintiff's request to depose Shawnee Williams, the former Vallejo Chief of Police, a second time, in order to inquire into the basis for his earlier deposition testimony that Vallejo City Attorney Katelyn Knight subjected him to threats and/or intimidation in relation to his deposition. ECF No. 85. The Court has previously ruled that the attorney-client privilege presumptively protects any conversations between the City Attorney and former Chief Williams in the context of the preparation for his deposition, and ordered additional briefing on what exceptions to this privilege may apply and how to determine their validity. ECF No. 87.

    After receiving that further briefing, on December 18, 2025, the undersigned ordered Williams and Knight to submit sealed declarations for in-camera review so the Court may determine whether the crime-fraud exception to the attorney-client privilege applies. ECF No. 91. Specifically, Williams had testified during his deposition that he had received threatening and

1

1  harassing communications from various City employees, including Knight, which constituted
2  obstruction of justice. *Id.* at 3 (citing ECF No. 85-1 at 7).  Obstruction under federal law includes
3  any use or threat of physical force, intimidation, or threats to "influence, delay, or prevent the
4  testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)-(c).  California law
5  broadly prohibits any conspiracy by two or more people "to pervert or obstruct justice, or the due
6  administration of the laws." Cal. Penal Code § 182(a)(5).  Relatedly, a party has engaged in
7  witness intimidation under California law if they, "Knowingly and maliciously prevent[d] or
8  dissuade[d] a witness or victim from attending or giving testimony at a trial, proceeding, or
9  inquiry authorized by law[,]" or attempted to do so.  Cal. Penal Code § 136.1(a)(1)-(2).

10  Both Knight and Williams submitted the requested declarations.  ECF Nos. 92 (Knight
11  Declaration).[1]  The undersigned has carefully reviewed both declarations in-camera and
12  concludes that there is no evidence that could fairly support the proposition that communications
13  from Knight or other City employees in the context of Williams' deposition in this case
14  constituted intimidation or obstruction.  Accordingly, the crime-fraud exception to otherwise
15  privileged communications does not apply.

16  Plaintiff's request to depose Williams a second time is DENIED.  If either party intends to
17  seek reconsideration of this order by the District Judge, they shall do so within fourteen days of
18  this order.  Local Rule 303(c).  If a party files such a notice, the undersigned will prepare and file
19  a detailed order explaining the undersigned's reasoning.  That detailed order will be sealed and
20  subject only to in-camera review by said District Judge.  A public version of that order redacting
21  privileged information will be filed on the docket.

22  **IT IS SO ORDERED.**

23  DATED: February 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned has directed the Clerk of the Court to file Williams' declaration under seal and only for in-camera review.