Issue: On 11/01/25, Plaintiff served their RPD 5, seeking complaints reported to the City by Chief Shawny Williams related to racism, racial animus, threatening correspondences, threats, harassment, hostility, retaliation, doxxing, social media harassment, stalking, and hostile work environment and any corresponding investigatory reports resulting from the complaints. (See Exhibit 1- RPD 5 Response) On 12/01/25, Defendants served objections to the request asserting general objections to attorney client privilege and attorney work product, and objecting to the specific requests as overbroad, unduly burdensome, harassing, propounded for improper purpose, not proportional to the needs of the case, incidents years after the subject incident involving none of the same actors, and bears no relation to Plaintiff's claims. *Id*. On 01/23/26 the parties met and conferred and could not resolve the dispute.

Plaintiff's Position: A party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b). '[T]he information sought need not be admissible at the trial if … reasonably calculated to lead to the discovery of admissible evidence.' Fed.R.Civ.P, 26(b)(1). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). "The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Id*. at 610. Here, Chief Williams testified that he filed multiple complaints relating to racism, harassment, etc., by Vallejo Officers, due to discipline and reform efforts (See Exhibit 2- Williams Depo, at 21:9-11; 27:25-28:17; 29:2-7; 50:22-65:10; 74:1-24). The Requests are relevant to Plaintiff's *Monell* claim. Williams' complaints are part of the City's pattern of failing to investigate misconduct and show the degree they are resistant to form and accountability for excessive force, including harassing and threatening a Police Chief. There is no forward time limit for *Monell* evidence and ongoing misconduct 2-3 years after Plaintiff's injury demonstrates that the unconstitutional conditions which caused her injuries continue to date. Plaintiff has no impermissible purpose for her Requests and simply seeks relevant and material evidence.

Defendants waived their right to claim privilege by not producing a privilege log. A party claiming documents are privileged or protected from disclosure must "describe the nature of the documents … in a manner that … will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "Typically, this is done using a privilege log that complies with Rule 26 (b)(5)(A)." *KJ-Park, LLC v. Match Group, LLC*, 2024 WL 234724, at *3 (N.D. Cal. Jan. 22, 2024) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). Failure to produce a privilege log may result in waiver. See *Lofton v. Verizon Wireless* (VAW) LLC, 308 F.R.D. 276, 282 (N.D. Cal. 2015) The Ninth Circuit clarified that timely boilerplate objections are insufficient. *Burlington No. 8 Santa Fe Ry. Co. v. United States,* 408 F.3d 1142, 1149-50 (9th Cir. 2005)). "This analysis considers the degree to which the privilege assertion enables the litigant and the court to evaluate privilege; the timeliness of the privilege log; and the magnitude of document production and other circumstances that might make responding to discovery unusually hard." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 282 (N.D. Cal. 2015) (citing *Burlington*). Here, Defendants served Responses on 12/01/25, and did not provide a Privilege Log to date, even after knowing the issue was coming before the court. Defendants did not provide the requisite description necessary to evaluate the alleged privilege or determine the

body of records. As such, the failure to provide any privilege log, two months later, should deem their objections and privileges waived. Defendants are using fabricated objections to conceal officer misconduct, refusal to reform, and their failure to investigate it, which is relevant, discoverable and the records should be produced to Plaintiff forthwith.

Defendants' Position:

With these discovery requests Plaintiff is yet again seeking to vastly expand the scope of discovery into matters which have no bearing whatsoever on the claims in this case as part of an ongoing effort to obtain documents to fuel Plaintiff's counsel's crusade against the City of Vallejo in other matters. The objections asserted to these requests were that they were overbroad, unduly burdensome, harassing, propounded for an improper purpose, and not proportional to the needs of the litigation. The response includes a general objection regarding attorney-client privilege and work-product, but no documents were withheld on that basis.

As has been explained in several filings and as was recognized by the Court in denying Plaintiff's efforts to take additional depositions related to employment discrimination, Plaintiff's *Monell* claim in this case is limited to excessive force; "Plaintiff does not allege an equal protection violation." (Dkt. No. 78 at 9:17-18.) These discovery requests have absolutely nothing to do with a custom, policy, or practice related to excessive force. They relate only to Williams' allegations that he was racially harassed several years after the subject incident by anonymous individuals whom he claims were members of Vallejo PD. Racial harassment in an employment context has nothing to do with alleged excessive force three years earlier.

Plaintiff's efforts to save these requests by characterizing them as pertaining to "misconduct" is unavailing. Her argument appears to be that because her *Monell* excessive force claim survived a motion to dismiss she is entitled to essentially limitless discovery, with no restrictions on either time or subject matter. She conveniently ignores the fact that even with a *Monell* claim she still must show that the practice or custom *caused the violation of her rights*. (*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).) The Court has already found several of Plaintiff's attempts to expand discovery to be unwarranted because they were too attenuated to be relevant to her *Monell* claim. (Dkt. No. 78 at 9:16-10:7 (denying motion for leave to depose (1) a former Vallejo PD officers regarding his experiences with workplace racism because "excessive force during a police stop . . . is not sufficiently similar to the discriminatory workplace that Detective Scott allegedly experienced"; (2) a former deputy chief regarding his experiences with "high-level misconduct and corruption at VPD" in 2023 as "too attenuated by time and topic to be relevant to *Monell* liability concerning a 2019 traffic stop and use of force incident"; and (3) a former police captain related to a 2013 incident as "also too attenuated by time and topic").) These discovery requests are just as attenuated. Plaintiff seeks to further expand this case to force the City to litigate racial harassment allegations from several years after the subject incident and involving *none* of the same actors. She makes no effort to explain how it could be evidence of a custom, policy, or practice that caused her to be subjected to excessive force. It is not. These requests are improper, and the Court should not compel production.

Conclusion: Plaintiff is seeking the production of the documents in Defendant's possession related to her Requests. Defendants oppose.