Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No. 278292
Corey C. Wilson, State Bar No. 332800
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      rosman@bfesf.com
            scrawford@bfesf.com
            cwilson@bfesf.com

Attorneys for Defendants
CITY OF VALLEJO, COLIN EATON and
JORDON PATZER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his individual capacity as Chief of Police; COLIN EATON, in his individual capacity as Police Officer for the CITY OF VALLEJO; JORDON PATZER, in his individual capacity as Police Officer for the CITY OF VALLEJO and DOES 1-50, inclusive.<br><br>        Defendants. | Case No. 2:19–cv–01896–TLN–SCR<br><br>**DEFENDANTS CITY OF VALLEJO, COLIN EATON, AND JORDAN PATZER'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY**<br><br>Date:   March 19, 2026<br>Time:   2:00 p.m.<br>Place:  Courtroom 2, 15th Floor<br><br><br><br>**Hon. Troy L. Nunley** |

## I.    INTRODUCTION

Plaintiff DEYANA JENKINS, after waiting to file her motion for leave to amend her Complaint until the eve of fact discovery closing, now seeks to stay this case until the Court is able to issue an order on her delayed motion.  The stay is unnecessary and not supported by good cause.  It would serve to further delay these proceedings and would be prejudicial to Defendants.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed the initial Complaint on September 18, 2019. (Dkt. No. 1.) The Court's initial scheduling order ordered all amendments be filed within 60 days of service of the complaint on the last party. (Dkt. No. 3.) Plaintiff filed a motion for leave to file a First Amended Complaint (Dkt. No. 25) which was granted. (Dkt. No. 34.) Plaintiff's First Amended Complaint ("FAC") was filed on January 11, 2022 – more than 4 years ago. (Dkt. No. 35.)  The discovery cut-off in this case was extended no fewer than nine times and passed on February 2, 2026. (Dkt. No. 89.) Plaintiff filed her pending motion for leave to amend on December 29, 2025, barely a month before the close of fact discovery. (Dkt. No. 93.) It was initially set for hearing on February 5, 2026, three days after the close of fact discovery. (Dkt. No. 93.)  Defendants' opposition was filed on January 12, 2026.  (Dkt. No. 94.)  The Court vacated the hearing on January 13, 2026.  (Dkt. No. 95.)  Plaintiff's reply was filed on January 21, 2026.  (Dkt. No. 97.)  This motion to stay the case was not filed until February 2, 2026, the same day that fact discovery closed.  (Dkt. No. 99.)

On February 10, 2026, the Court issued an order resolving one of the two pending discovery disputes by denying Plaintiff's request to take a further deposition of Shawny Williams to inquire into Williams' allegations of "threats" by CITY staff, finding after a review of materials submitted *in camera* by both CITY staff and Williams "that there is no evidence that could fairly support the proposition that communications from [CITY staff] in the context of Williams' deposition in this case constituted intimidation or obstruction."  (Dkt. No. 100 at 2:12-14.)  Therefore, no further deposition of Williams will be conducted.  On February 12, 2026, the Court and the parties agreed to delay a decision on the second pending discovery dispute until the motion for leave to amend is resolved, as the resolution may impact the dispute.  (Dkt. No. 104.)

//

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY
*Jenkins, v. City of Vallejo, et al.* U.S.D.C. Eastern District of California Case No.: 2:19-cv-01896-TLN-SCR

## III.    LEGAL ARGUMENT

### A.    Good Cause Does Not Exist For a Stay

Defendants agree with Plaintiff that the Court has the power and discretion to issue a stay in this matter.  Plaintiff has not, however, demonstrated that such a stay is necessary or supported by good cause in this instance.  Plaintiff cites no case in which a court has issued a blanket stay of proceedings on no grounds other than to allow the court to issue an order on a pending motion.

Plaintiff's motion for leave to amend has been fully briefed for almost a month.  Since the motion to stay was filed, one of the pending discovery disputes has been resolved by the Court, with no additional discovery permitted, and the other has been put over until the motion for leave to amend is resolved.  There are no other pending issues.  Should the Court deny Plaintiff's request to amend, Defendants believe the pending discovery dispute will also be resolved and no additional discovery will be necessary.  Plaintiff represented to the Court in her motion for leave to amend that there "is no need for a significant amount of additional discovery [should the motion be granted]" and that "the majority of the discovery related to the new allegations have (sic) already been completed".  (Dkt. No. 93 at 11:22-24; 13:10-11.)  Should the Court grant Plaintiff's motion for leave to amend, the parties can re-visit the need for an amended discovery schedule in light of the Court's order to complete whatever *de minimis* new discovery would still be outstanding.

Plaintiff will not be prejudiced if the case is not stayed.  She has the information at issue in the motion to stay, she is just seeking to expand her *Monell* claims to bolster an argument about its admissibility.  Her argument that expert disclosures, still not set for another month, cannot be completed is vague and unconvincing.  She argues simultaneously that she has all the information and need not conduct significant additional discovery, but also that her experts cannot be expected to be prepared to opine until the motion to amend is resolved.  Further, there is not yet any indication that the Court will not issue an order on the motion for leave to amend well before the expert disclosure deadline.

Defendants will be prejudiced if the case is stayed.  This case relates to an incident which occurred in April 2019, nearly *seven* years ago.  The discovery deadline has been extended nine times already.  Plaintiff filed a tardy motion for leave to amend at the 11th hour after years of litigation, and now, based on that delayed motion, seeks an indefinite stay of the case.  These further delays are

prejudicial to Defendants, who wish to move this case to resolution.

## IV.    CONCLUSION

The Court should deny Plaintiff's Motion for the above reasons.

Dated:  February 17, 2026                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By:    _/s/ Corey C. Wilson_____
        Richard W. Osman
        Sheila D. Crawford
        Corey C. Wilson
        Attorneys for Defendants
        CITY OF VALLEJO, COLIN EATON and
        JORDON PATZER

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY
*Jenkins, v. City of Vallejo, et al.* U.S.D.C. Eastern District of California Case No.: 2:19-cv-01896-TLN-SCR