**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com
Attorneys for Plaintiff

**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS,<br><br>Plaintiff,<br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | CASE NO.: 2:19-cv-01896 TLN SCR<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY**<br><br>HON. JUDGE TROY L. NUNLEY<br><br>Hearing date vacated |

A. <u>DEFENDANTS PROVIDE NO FEDERAL RULES, CASE LAW, OR PERSUASIVE ARGUMENT TO SUPPORT THEIR OPPOSITION</u>

Defendants argue that a Stay would prejudice them because it would delay the resolution of the case indefinitely, but that argument is factually inaccurate, lacks precedential support and is unpersuasive. This case is years from resolution due to Motions for Summary Judgment and a Ninth Circuit appeal by Defendants. The proposed Stay will prevent the case from advancing to Expert

1

Discovery and Summary Judgment without determining which issues are properly before the court. A temporary Stay will prevent confusion and the waste of party and judicial resources as the case proceeds to Expert Discovery and Summary Judgment.

A Stay will not result in Defendants suffering any financial loss, loss of evidence, inability to defend their case, or strain on staffing resources, and they make no such claim. Defendants fail to identify any federal rules or case law to support their position and do not describe any actual prejudice which might result from a temporary Stay.

Plaintiff has not proposed an 'indefinite' Stay as the Defendant assert. Plaintiff is simply seeking a temporary Stay until the status of the Operative Complaint is determined by the court.

B. <u>PLAINTIFF'S MOTION TO STAY WAS TIMELY, SERVES THE INTEREST OF BOTH PARTIES, AND PROMOTES JUDICIAL EFFICIENCY</u>

Plaintiff had no reason to expect that Defendants would object to a Stay pending the resolution of Plaintiff's pending Motion seeking Leave to Amend. The parties had previously worked cooperatively to resolve pending issues and Plaintiff reasonably assumed that Defendants would continue to act reasonably and cooperatively by Stipulating to a temporary Stay.

The pending motion and discovery dispute impacts both parties' expert reports and the City's defenses.  In fact, during the February 12, 2026, Informal Discovery Conference with Honorable Judge Riordan, Defendants agreed to delay a discovery ruling related to documents being withheld, until the conclusion of Plaintiff's Motion for Leave to Amend. (Dkt. 104) As such, Defendants effectively agreed that the discovery issues and document production are not yet completed in this matter. Closing discovery and advancing to Expert Discovery and Motions for Summary Judgment while a Motion for Leave to Amend, discovery dispute and potential production is still pending is illogical and will result in wasting time and resources, for the court and both parties.

## CONCLUSION

Plaintiff has shown good cause and the need for a temporary Stay in this matter. For all of the aforementioned reasons, Plaintiff respectfully moves for permission to Stay the proceedings until the court rules on Plaintiff's pending Motion for Leave to Amend.

Date: February 24, 2026                          Respectfully submitted,

**NOLD LAW**

/s/ Melissa C. Nold
MELISSA C. NOLD
COUNSEL FOR PLAINTIFF