UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his individual capacity as Chief of Police; COLIN EATON, in his individual capacity as Police Officer for the CITY OF VALLEJO; JORDON PATZER, in his individual capacity as Police Officer for the CITY OF VALLEJO and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:19-cv-01896-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Plaintiff Deyana Jenkins's ("Plaintiff") Motion for Leave to Amend. (ECF No. 93.) Defendants City of Vallejo ("Vallejo"), Colin Eaton ("Defendant Eaton"), and Jordon Patzer (collectively "Defendants") filed an opposition. (ECF No. 94.) Plaintiff filed a reply. (ECF No. 97.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

///

///

## I. Factual and Procedural Background

This case arises out of Plaintiff's arrest by Vallejo police officers at a traffic stop on April 15, 2019 (the "Incident"), during which she alleges the officers used excessive force in violation of the United States Constitution and California law. (*See* ECF No. 1.) Plaintiff filed this action on September 18, 2019, alleging violations of the Fourth Amendment, 42 U.S.C. § 1983, and California Civil Code § 52.1 in addition to common-law torts of negligence, battery, assault, and intentional infliction of emotional distress. (ECF No. 1 at 16–20.) The Court issued its Initial Pretrial Scheduling Order on September 19, 2019, requiring all amendments to the Complaint within sixty days of service. (ECF No. 3 at 2.)

On August 20, 2021, Plaintiff moved to amend her Complaint after the amendment deadline. (ECF No. 25.) This Court determined Plaintiff could not have amended by the Initial Pretrial Scheduling Order deadline and granted Plaintiff leave to amend. (ECF No. 34.) Plaintiff filed a First Amended Complaint ("FAC") on January 11, 2022, to add factual allegations and name Defendant Eaton and Jordon Patzer as defendants. (ECF No. 35.) On May 22, 2025, Plaintiff filed an ex parte notice asserting the Vallejo Police Department withheld certain documents concerning government tort claims and citizen complaints in discovery, among other alleged wrongdoing. (ECF No. 67.) Plaintiff's counsel concurrently declared she learned of these alleged activities during depositions. (ECF No. 67-1 at 2–5.) Plaintiff filed the present motion for leave to file a Second Amended Complaint ("SAC") on December 29, 2025. (ECF No. 93.) At the time Plaintiff filed the instant motion, fact discovery was scheduled to close February 2, 2026, and the Court has since stayed discovery pending resolution of the motion. (ECF Nos. 89, 108.)

## II. Standard of Law

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must

show good cause for not having amended the complaint before the time specified in the scheduling order. *Id.* The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit considers five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). Of these, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

## III. Analysis

Plaintiff seeks to file a SAC to expand her *Monell* allegations and add allegations specific to Defendant Eaton. (ECF No. 93 at 3.) Plaintiff argues good cause exists because her diligence in discovery uncovered new and "previously undiscoverable" information. (*Id.*) In opposition, Defendants argue Plaintiff has failed to show good cause to file a SAC, which Defendants contend would "dramatically expand the scope of" this action. (ECF No. 94 at 4.) Specifically, Defendants assert Plaintiff: (1) improperly seeks to add a new equal protection basis for her *Monell* claim; (2) makes allegations involving Vallejo's current Chief of Police, who assumed that position years after the Incident; and (3) adds factual allegations Plaintiff knew about by at least May 2025. (*Id.* at 8–12.) Defendants also argue granting Plaintiff leave to amend would prejudice Defendants where Plaintiff filed her motion just over a month before discovery was scheduled to close, which Defendants say amounts to adding "allegations at the 11th hour." (*Id.* at 4, 11.) In reply, Plaintiff argues: (1) she needed to conduct an additional deposition before

seeking leave to amend and that deposition did not take place until October 2025; (2) she refrained from seeking leave to amend earlier to minimize unnecessary motion practice; and (3) the proposed new allegations relate to the FAC's *Monell* and other claims. (ECF No. 97 at 2–5.)

A. <u>Rule 16</u>

While Defendants outline Rule 16's requirements, they do not specifically contest that Plaintiff has good cause to amend her complaint after the Initial Pretrial Scheduling Order's original amendment deadline of December 9, 2019. (ECF No. 94 at 7; *see also* ECF No. 3 at 2 (setting amendment deadline 60 days from service of complaint); ECF No. 5 (reflecting service on Defendants on October 9, 2019).) This Court previously found Plaintiff had good cause to amend after December 9, 2019, because Defendants did not provide Plaintiff with the report identifying the officers who arrested her until after that date. (ECF No. 34 at 4.) Accordingly, the Court again finds Plaintiff has good cause to alter the Initial Pretrial Scheduling Order.

B. <u>Rule 15</u>

Defendants contend the factors of undue delay and prejudice to the opposing party weigh against Plaintiff's motion. (ECF No. 94 at 8–12.) Additionally, Defendants argue Plaintiff's proposed SAC fails to allege sufficient facts to state an equal protection-based *Monell* claim and contains new allegations that are irrelevant to her existing claims. (*Id.* at 9–11.) The Court construes the latter contentions as arguing amendment would be futile. In reply, Plaintiff explains the timing of the present motion and asserts the new allegations are relevant to her existing claims.[1] (ECF No. 97 at 2–5.)

The parties dispute whether leave to amend is appropriate with respect to the proposed SAC's rewritten *Monell* cause of action, allegations regarding current Chief of Police Jason Ta ("Chief Ta"), and allegations based on information Plaintiff's counsel learned in depositions. (ECF No. 94 at 8–12; ECF No. 97 at 2–5.) The Court addresses each category of proposed new allegations in turn and considers the factors of delay, prejudice, and futility of amendment for

---

[1] Plaintiff also argues without opposition that the instant motion is not made in bad faith and that her prior amendment should not weigh against granting her leave to file a SAC. (ECF No. 93 at 12, 14; *see* ECF No. 94.) The Court considers Plaintiff's single previous amendment and the lack of bad faith but does not find the factors dispositive.

each.

*i. Additional Basis for Monell Cause of Action*

The proposed SAC deletes the existing allegations from the FAC's *Monell* cause of action and replaces them with new allegations about Vallejo's police hiring, training, supervision, and discipline practices. (ECF No. 93-4 at 34–39.) In the cause of action's penultimate paragraph, Plaintiff alleges the delineated conduct resulted in the violation of her Fourth Amendment right against excessive force, which mirrors the FAC's *Monell* claim, and the violation of her Fourteenth Amendment right to equal protection of the laws, which is a new addition compared to the FAC. (*Compare id.* at ¶ 91, *with* ECF No. 35 at ¶ 41.) Defendants correctly point out that the present motion does not address this new equal protection ground for Plaintiff's *Monell* claim. (ECF No. 94 at 8; *but see* ECF No. 93 at 14 (asserting "Plaintiff is not seeking to add any new claims").) Defendants further argue the proposed equal protection component of Plaintiff's *Monell* claim is unduly delayed, would be prejudicial to Defendants because it would likely spur additional discovery, and lacks allegations sufficient to state a claim. (ECF No. 94. at 8–10.) In reply, Plaintiff contends she believed from the outset that the Incident was racially motivated and alleged as much in the original complaint, but she only learned of Defendant Eaton's alleged history of targeting people based on race during discovery. (ECF No. 97 at 2–3.)

The Court finds Plaintiff's request to add an equal protection basis for her *Monell* claim is unduly delayed and would prejudice Defendants at this stage of the litigation. Plaintiff acknowledges she has believed since initiating this action that the Incident was racially motivated. (ECF No. 97 at 2.) However, both the original complaint and FAC included a *Monell* cause of action based only on excessive force. (ECF No. 1 at 17–18; ECF No. 35 at 18–19.) The magistrate judge handling discovery in this matter accordingly found in August 2025 that "Plaintiff d[id] not allege an equal protection violation" in her FAC, as Defendants correctly note. (ECF No. 78 at 9; ECF No. 94 at 6.) Although Plaintiff may have only learned of an alleged history of racial profiling during discovery, the Court finds she could have included an equal protection basis for the *Monell* claim based on the Incident well before the present motion, especially since she believed the Incident was racially motivated for some time.

Moreover, the Court agrees with Defendants that adding an equal protection basis to the *Monell* cause of action would prejudicially expose Defendants to additional discovery. (ECF No. 94 at 8–9.) Plaintiff filed the instant motion just over a month before the close of fact discovery, and the parties previously stipulated to extend the fact discovery deadline by a year and a half in total. (ECF Nos. 54, 58, 61, 63, 65, 69, 75, 80, 89.) Adding an equal protection basis to Plaintiff's *Monell* claim at this late juncture would prejudice Defendants because they would likely need to conduct and respond to discovery on a new theory of the case. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138–39 (9th Cir. 1998) (holding district court did not abuse discretion in finding motion to amend filed two weeks before the discovery deadline, if granted, would cause undue delay and prejudice because amendment would require re-opening discovery). The Court therefore DENIES leave to amend with respect to an equal protection basis to Plaintiff's *Monell* cause of action.[2]

*ii. Allegations Regarding Jason Ta*

Plaintiff's proposed SAC includes ten paragraphs concerning Chief Ta. (ECF No. 93-4 at ¶¶ 29–31, 34–37, 50–52.) Per Plaintiff, Chief Ta became interim police chief in October 2022 and assumed his permanent role in late 2024, and the allegations in the proposed SAC involving Chief Ta are within the same 2022 to late 2024 timeframe. (*Id.*) Defendants argue Plaintiff provides no justification for her delay in adding the allegations related to Chief Ta. (ECF No. 94 at 10.) Defendants further contend the allegations are irrelevant to Plaintiff's action, which stems from the Incident in 2019. (*Id.* at 10–11.) Specifically, Defendants argue Plaintiff's *Monell* claim requires a showing that a custom, policy, or practice at the time of the Incident caused the violation of her constitutional rights, so allegations about Chief Ta's tenure have no bearing on her claim. (*Id.* at 10.) In reply, Plaintiff asserts that she is entitled to outline Vallejo's reforms under former Chief of Police Shawny Williams ("Former Chief Williams") and subsequent "return [under Chief Ta] to the unlawful policies and culture which existed in 2019." (ECF No.

---

[2] Having denied leave to amend as to the basis of Plaintiff's *Monell* claim due to undue delay and prejudice to Defendants, the Court declines to weigh Defendants' arguments regarding the SAC's failure to state a *Monell* claim based on equal protection. (ECF No. 94 at 9–10.)

97 at 5.)

The Court finds Defendants' position persuasive. Plaintiff does not respond to Defendants' delay argument (*see* ECF No. 97), and the Court agrees with Defendant that Plaintiff could have amended her complaint earlier to include these allegations, none of which is more recent than late 2024. Moreover, the Court finds the allegations concerning Chief Ta postdate the Incident giving rise to the present action by several years and thus do not relate back to the conduct underlying the action. *See* Fed. R. Civ. P. 15(c)(1)(B) (allowing, under relation back doctrine, amendment that "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading").

Next, the Court considers whether the allegations regarding Chief Ta are futile. The magistrate judge in this matter previously determined the experience of a police department employee in 2023 was "too attenuated by time and topic to be relevant to *Monell* liability concerning" the Incident. (ECF No. 78 at 10.) The same is true in this instance, amending to include allegations about Chief Ta would be futile because the allegations are too attenuated by time and topic to relate back to Plaintiff's existing claims.

Plaintiff's underdeveloped argument about why amendment would not be futile does not change the Court's analysis. Plaintiff correctly notes the more lenient of the statutes of limitations under federal and state law governs the relation back doctrine and mentions California statutory provisions permitting amendment to name defendants previously identified as Doe defendants. (ECF No. 93 at 13–14.) However, Plaintiff does not identify what statute of limitations she believes applies here, nor does the proposed SAC identify a previous Doe defendant by name or add Chief Ta as a defendant so as to invoke the California statute regarding Doe defendants. (*Id.*; *see also* ECF No. 93-4 at 1 (removing a named defendant but not identifying a Doe defendant by name).) As a result, Plaintiff fails to show why amending to include allegations about Chief Ta in the present action would not be futile.

In sum, the factors of undue delay and futility counsel against granting Plaintiff leave to amend to include allegations about Chief Ta.

Furthermore, even if undue delay and futility did not cut against permitting amendment,

Plaintiff's standing to raise allegations about Chief Ta is questionable. "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). The Court observes that Plaintiff's proposed SAC does not connect any of Chief Ta's alleged actions to Plaintiff's alleged injuries, which suggests Plaintiff does not have standing to bring the proposed allegations. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 ("[T]here must be a causal connection between the injury and the conduct complained of . . . .").

The Court therefore DENIES Plaintiff's motion with respect to allegations about Chief Ta.

*iii. Allegations from Depositions*

Plaintiff's proposed SAC includes allegations about several former Vallejo employees that draw from their depositions. (ECF No. 93 at 5–9 (summarizing depositions of Ron Tabron, Stefanie Cifuentes, John Whitney, Joseph Gomez, and Former Chief Williams between March and October 2025); ECF No. 93-4 at ¶¶ 2, 26–28, 38–42, 44–46, 52, 62.) Plaintiff argues these new allegations are necessary to demonstrate her broad *Monell* claim and "demonstrate the severity of the constitutionally violative conduct the City has been permitting and ratifying for at least a decade." (ECF No. 93 at 12–13.) Plaintiff further contends there is no undue delay because she did not delay once she learned of the new information and asserts there is no prejudice to Defendants because Defendants themselves concealed this information from Plaintiff. (*Id.* at 13.) In opposition, Defendants claim Plaintiff was aware of many of the allegations from these depositions months before she filed the instant motion and point to the ex parte notice Plaintiff filed on May 22, 2025, that included "virtually all" of the allegations she now seeks to include in a SAC. (ECF No. 94 at 11; *see also* ECF No. 67 (Ex Parte Notice to the Court).) Defendants further contend Plaintiff offers no evidence to support waiting to amend until after taking a deposition and argue it is unreasonable for Plaintiff to believe Former Chief Williams, who was hired six months after the Incident, would provide testimony necessitating amendment. (ECF No. 94 at 12.) In reply, Plaintiff argues it would not have been efficient for her to seek leave to amend in June or July 2025 and then seek leave to amend again after deposing Former Chief Williams in October 2025. (ECF No. 97 at 2.)

The Court finds Plaintiff's explanation of the delay in bringing these new allegations persuasive. The Court shares Defendants' observation that the Ex Parte Notice to the Court includes several of the same allegations Plaintiff now includes in her proposed SAC. (ECF No. 94 at 11–12.) Specifically, the Ex Parte Notice and SAC both allege John Whitney testified during his deposition that the Vallejo Police Department maintains a filing cabinet with a sanitized and incomplete selection of documents to produce in litigation. (*Compare* ECF No. 67 at 1–2, *with* ECF No. 93-4 at ¶¶ 39–40.)

However, the seven and a half months between Plaintiff's deposition of John Whitney and the present motion, while approaching undue delay, is not unreasonable when the Court considers Plaintiff's explanation. *Cf. AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (holding eight-month delay is unreasonable). Plaintiff explains that she refrained from seeking leave to amend until she had deposed Former Chief Williams, believing she would need to seek leave to amend after that deposition. (ECF No. 93 at 11; ECF No. 97 at 2.) The Court finds Plaintiff's strategy reasonable, particularly in light of the policy of granting leave to amend with "extreme liberality" and this District's large number of pending motions. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Accordingly, the Court finds there was not undue delay in raising the allegations Plaintiff learned in the depositions.

Turning to futility and prejudice, the Court finds the factors weigh against granting leave to amend for Plaintiff to include many of the allegations from the depositions in their current form. The Court finds many of the allegations about Vallejo Police Department's operations, as Plaintiff presents them in the proposed SAC, are not connected to the Incident giving rise to Plaintiff's suit and would prejudicially expand the scope of the lawsuit. The proposed SAC includes allegations concerning actions that took place months to years after the Incident. (ECF No. 93-4 at ¶¶ 26–28, 32, 45–46 (concerning Former Chief Williams, whom Vallejo hired in December 2019), ¶ 33 (concerning Joseph Gomez, whom Vallejo hired in 2023), ¶ 63 (alleging Vallejo was made aware of police hiring issues in 2023 and 2025), ¶ 67 (alleging Vallejo and the Vallejo City Attorney's Office sought to conceal "the depths of depravity and corruption that still abound in the City of Vallejo as [Plaintiff's counsel] type[s] this," presumably in late 2025), ¶ 71

(alleging the policy, culture, pattern, or practice "exist to date, resulting in an ongoing constitutional crisis").) As with the proposed allegations about Chief Ta, Plaintiff fails to show she has standing to litigate events postdating the Incident.[3] *See Lujan*, 504 U.S. at 560; *TransUnion LLC*, 594 U.S. at 430–31 ("As the party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating that they have standing.").

Additionally, a *Monell* claim requires causation, i.e., that a policy caused a violation of a person's constitutional rights. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692; *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 ("Causation is, of course, a required element of a § 1983 claim."). Events that occurred after the Incident cannot show a then-existing policy caused Plaintiff's alleged injuries during the Incident and would prejudice Defendants by requiring them to conduct and respond to further discovery. Accordingly, amending to add allegations about actions postdating the Incident would be futile and prejudicial to Defendants because they fall outside of the scope of Plaintiff's *Monell* claim.

In contrast, several of the SAC's new allegations are sufficiently relevant to Plaintiff's claims to make leave to amend not futile or prejudicial to Defendants as to those allegations. For example, the allegations about John Whitney's and Greg Nyhoff's review of body camera footage of the Incident, the investigation into the Incident, and Defendant Eaton's hiring all relate to Plaintiff's existing claims. (ECF No. 93-4 at ¶ 1, 38, 44.) As a result, considering the factors of undue delay, futility, and prejudice, the Court finds leave to amend proper for claims directly related to Plaintiff's existing causes of action and the Incident.

The Court therefore DENIES Plaintiff leave to amend as to events postdating the Incident

---

[3] The Court observes that Plaintiff's briefs at times address alleged harms to individuals other than Plaintiff. (*See, e.g.*, ECF No. 93 at 7 (alleging Vallejo withheld use-of-force incidents from plaintiffs since at least 2015); ECF No. 93-4 at ¶¶ 50, 53–54, 56–60, 62, 64–66 (alleging in proposed SAC various practices that harmed "persons who live, work or visit the City of Vallejo"); ECF No. 97 at 1 (alleging Vallejo concealed practices "from Plaintiff and countless prior victims").) This action, as Plaintiff structured it, is not the vehicle to litigate alleged harms to others. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (explaining that to satisfy Article III's case or controversy requirement, "the plaintiff must have a ' "personal stake" ' in the case—in other words, standing" (citing *Raines v. Byrd*, 521 U.S. 811, 819 (1997)).

and GRANTS Plaintiff leave to amend to add the allegations in numbered paragraphs 1, 24, 38, and 44 of the proposed SAC; remove Andrew Bidou as defendant; delete paragraph 7 and struck-through numbered paragraph 26 concerning Andrew Bidou; and revise the unnumbered first paragraph and numbered paragraphs 3, 16, 17, and 21 as set forth in the proposed SAC.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Leave to Amend (ECF No. 93). Plaintiff is granted fifteen (15) days from the date of this Order to file a second amended complaint in line with this Order. Defendants are afforded twenty-one (21) days from the date Plaintiff files a second amended complaint to file a responsive pleading.

IT IS SO ORDERED.

DATE: November 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff is reminded that the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and the purpose of discovery is to "aid a party in the preparation or presentation of his case." Fed. R. Civ. P. 26(b)(1), advisory committee's note to 1946 amend. Put differently, discovery is primarily meant to help a party prove its existing claims, not develop additional claims. *See Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1111 (9th Cir. 2007) (affirming denial of request to conduct discovery to substantiate a party's belief that its opponent engaged in improper conduct in prior cases because "the purpose of discovery is to aid a party in the preparation of its case, not to punish its opponents for past sins"). While the Court denies Plaintiff leave to amend to include some of the evidence she learned in discovery in her Complaint, she may use admissible evidence she learns in discovery to litigate her case.